HUBENSCHMIDT v SHEARS

EVIDENCE—NEGLIGENCE—PROTECTIVE ORDERS—BLOOD-ALCOHOL TESTS
    —WRONGFUL DEATH ACTION—MEDICAL EXAMINER—OFFICIAL
    ACTS—STATUTES.

A protective order precluding testimony, tests or records from
    being admitted into evidence relative to the alcohol level of
    plaintiff's decedent at the time of her death was properly
    granted in a wrongful death action where the evidence sought
    to be excluded was the report of a deputy medical examiner
    who conducted a blood-alcohol sample test on the decedent and
    the taking of blood-alcohol was not a necessary official act of
    the deputy medical examiner (MCLA 52.205; MSA 5.953[5]).

Appeal from Genesee, Harry B. McAra, J. Sub-
mitted October 11, 1977, at Detroit. (Docket No.
30722.) Decided November 8, 1977. Leave to appeal
applied for.

Complaint by Linda Hubenschmidt, administra-
trix of the estate of Alvaina R. Miller, deceased,
against Harold E. Shears for damages for wrongful
death. Plaintiff's motion for a protective order
precluding testimony, tests or records from being
admitted into evidence relative to the alcohol level
of plaintiff's decedent's blood at the time of her
death was granted. Defendant appeals by leave
granted. Affirmed.

*Rowe, Talon & Jones, P. C.,* for plaintiff.

*Neal & Lengauer* (by *Paul Lazar),* for defendant.

REFERENCE FOR POINTS IN HEADNOTE
29 Am Jur 2d, Evidence § 830.

Before: D. E. HOLBROOK, P. J., and N. J. KAUF-
MAN and J. E. McDONALD,* JJ.

D. E. HOLBROOK, P. J. Defendant, Harold Shears,
appeals from a protective order precluding testi-
mony, tests or records from being admitted into
evidence relative to the alcohol level of plaintiff's
decedent's blood at the time of her death. Trial
has not yet been held.

This is a wrongful death action arising from an
accident which occurred on July 5, 1975, in Iosco
County, Michigan. There has been a stipulated
statement of facts filed in this case from which it
appears that plaintiff's decedent, Mrs. Alvaina
Ruth Miller, was a pedestrian who was struck and
killed by a recreational motor vehicle driven by
the defendant, Shears.

Decedent was a pedestrian and was walking in a
northerly direction, either on the west shoulder of
M-65 or on the west edge of the roadway (there is
a factual dispute between the parties as to where
the decedent was walking at that time), facing
oncoming traffic. Defendant, Shears, driving his
recreational vehicle in a northerly direction on M-
65, pulled out onto the southbound lane to pass
another motor vehicle. While in the process of
passing that other northbound vehicle, defendant's
vehicle struck plaintiff's decedent.

Thereafter, the remains of the decedent were
transported to the Tawas Hospital located in Ta-
was, Michigan, and delivered into the custody of
the deputy medical examiner for that county. No
post mortem was performed. The deputy medical
examiner determined that decedent's death was
the result of the physical impact to her body from
the defendant's vehicle. The deputy medical exam-

* Circuit judge, sitting on the Court of Appeals by assignment.

iner collected a blood specimen from decedent's remains for the purpose of conducting a chemical analysis to determine the alcohol content in decedent's blood. Plaintiff's decedent was dead at the time the blood sample was taken; no medical treatment was rendered or to be rendered to plaintiff's decedent by the deputy medical examiner; there was no criminal investigation in process or contemplated and no consent to the taking of the blood sample or its analysis was given by anyone.

Subsequent to the death of plaintiff's decedent, the administratrix of the estate commenced suit in the circuit court for the County of Genesee. Thereafter, plaintiff brought a motion for a protective order for the purpose of preventing the introduction into evidence at the time of trial of the results of the aforementioned chemical analysis pertaining to decedent's blood-alcohol content. Plaintiff's motion was granted on April 26, 1976.

The issue raised on appeal is whether the trial court erred in granting plaintiff's pretrial motion for a protective order thereby excluding the evidence of decedent's blood-alcohol content as of the time of her demise.

Defendant has asserted that the blood sample should be admitted because the deputy medical examiner, clothed with the duties of his office, took said blood sample as an official act as medical examiner. Defendant cites MCLA 52.202; MSA 5.953(2), MCLA 52.205; MSA 5.953(5), and MCLA 326.8; MSA 14.228. The only one which is on point is MCLA 52.205; MSA 5.953(5), which provides:

"When a county medical examiner has notice that there has been found or is lying within his county or district the body of a person who is supposed to have come to his death in a manner as indicated in section 3,

[MCLA 52.203] he shall forthwith repair to the place where such body lies and take charge of same; and if, on view thereof and personal inquiry into the cause and manner of the death, he deems a further examination necessary, the county medical examiner or his deputy may cause such dead body to be removed to the public morgue. * * * The county medical examiner *may* perform or direct to be performed *an autopsy* and *shall then* and there carefully reduce or cause to be reduced to writing *every fact and circumstance tending to show the condition of the body* and the *cause and manner of death,* together with the names and addresses of any persons present at the autopsy, which record he shall subscribe." (Emphasis added.)

The deputy medical examiner decided that the cause of death was so obvious that it was not necessary to conduct a post mortem examination. It is likewise as obvious to us as it was to the deputy medical examiner that the taking of the blood-alcohol sample test was unnecessary to ascertain the cause of death. Therefore, the said test was not a necessary official act of the deputy medical examiner. The only reason given by the deputy medical examiner as to why he gave the test was that it was part of a routine procedure where a death occurred as a result of an accident. We rule that the taking of the blood-alcohol sample was not a necessary official act of the deputy medical examiner under the statute. Under this finding we also conclude that the protective order of the trial court was properly granted. *Lebel v Swincicki,* 354 Mich 427; 93 NW2d 281 (1958).

For such evidence to be gathered by a police officer in order to be used in a potential criminal charge and retained for that purpose, may be proper. However, as in this case, to use such sovereignty powers of the state to acquire such evidence that becomes part of a civil case of one or

another of two litigants we consider to offend our sense of fairness.

It also appears to us that the purpose defendant wishes to have the blood test admitted is to prejudice the plaintiff, and we rule that this purpose is untenable.

The defendant raises other issues which we feel are unnecessary to discuss in resolution of this case.

Affirmed, costs to plaintiff.