HUBENSCHMIDT v SHEARS

MILLER v DURYEA

Docket Nos. 60906, 61287. Decided October 2, 1978. On application by
defendants for leave to appeal the Supreme Court, in lieu of
granting leave to appeal, reversed the orders of the circuit
courts and remanded the causes for trial.

Linda Hubenschmidt, administratrix of the estate of Alvaina R.
Miller, deceased, brought an action for wrongful death against
Harold E. Shears. The decedent died at the scene of the
accident after she was struck by the defendant's recreational
vehicle. The Genesee Circuit Court, Harry B. McAra, J.,
granted plaintiff a protective order precluding admission of
evidence of the decedent's blood alcohol level which was taken
by a deputy county medical examiner after the decedent's
death. The Court of Appeals, D. E. Holbrook, P.J., and N. J.
Kaufman and J. E. McDonald, JJ., affirmed (Docket No. 30722).
Defendant applies for leave to appeal.

David Miller, executor of the estates of William and Norma
Wicks, deceased, brought an action for wrongful death against
Robert and Mary Duryea. William Wicks died at the scene of
the accident where the car he was driving was struck by the
car defendant Robert Duryea was driving. The Cass Circuit
Court, James E. Hoff, J., granted plaintiff a protective order to
suppress evidence of Wicks' blood alcohol level taken after his
death and therefore not taken pursuant to the implied consent
statute. The defendants apply for leave to appeal prior to
decision by the Court of Appeals. *Held:*

1. The removal of blood from a dead body for purposes of
testing was not unreasonable under the circumstances and does
not shock the conscience or the Court's sense of justice. The
deaths had occurred in traffic accidents where the use of
alcohol or other substances may have been a factor. These
cases do not raise issues of search and seizure, right to privacy,
security of person, or statutory construction which were raised
in cases dealing with extraction of a blood sample from a
person still alive. The right to privacy is a personal one which
ends with the death of the person to whom it is of value, and it
may not be claimed by his estate or by his next of kin.

Likewise, the decedent's representative cannot claim, in a civil case, that extraction of the blood from the dead body without consent amounted to an illegal search and seizure. Nor is there a claim concerning the constitutional protection against self-incrimination.

2. Evidence of consumption of alcohol by these decedents may be relevant to the issue of contributory negligence. If the proponents of the evidence establish the requisite foundation of the integrity of the test results and their relevance, the results may properly be admitted into evidence.

The orders of the circuit courts are reversed and the causes are remanded for trial.

79 Mich App 458; 263 NW2d 13 (1977) reversed.

*Rowe, Talon & Jones, P.C.,* for plaintiff Hubenschmidt.

*Early, Starbuck & Lennon* (by *Charles E. Starbuck* and *James E. Beck)* for plaintiff Miller.

*Neal & Lengauer* (by *Paul Lazar)* for defendant Shears.

*Cholette, Perkins & Buchanan* (by *Don V. Souter* and *Kenneth L. Block)* for defendants Duryea.

PER CURIAM. The issue to be decided in these two cases is whether the results of a test for alcohol content of a blood sample taken from a dead body may be admitted as evidence in a wrongful death action brought by or against the decedent's representative. We hold that if the requisite foundation is established showing the integrity of the results, they may be admitted into evidence if they are found to be relevant. MRE 401.

I

David Miller's (plaintiff) decedent, William

Wicks, was the driver of a car which collided with a car being driven by Robert Duryea (defendant) on March 7, 1975. Plaintiff's decedent died at the accident scene. While the body was at the funeral home, a blood sample was taken by the county medical examiner, a medical doctor. The sample was tested by the Holland Crime Lab and was found to contain .17% of alcohol by weight. Since the driver was dead, the test was not administered pursuant to the implied consent statute.[1]

Linda Hubenschmidt's (plaintiff) decedent was a pedestrian who was struck by a recreational vehicle being driven by Harold Shears (defendant) on July 5, 1975. Plaintiff's decedent died at the accident scene. While the body was at the hospital for a determination of the cause of death, a blood sample was taken by a deputy county medical examiner, a medical doctor. The sample was chemically tested and found to contain a percentage of alcohol not stated in the record.

## II

In each case a wrongful death action was filed by the decedent's representative.[2] In the *Miller* case the plaintiff brought a motion to suppress the evidence of the results of the chemical test of the blood sample. In the *Hubenschmidt* case the plaintiff brought a motion for a protective order to prevent the admission into evidence of the results of the chemical test of the blood sample.

On April 26, 1976 the trial judge in the *Hubenschmidt* case granted plaintiff's motion for a protective order. The defendant appealed and the

---

[1] MCL 257.625a, 257.625b, 257.625c, 257.625d, 257.625f; MSA 9.2325(1), 9.2325(2), 9.2325(3), 9.2325(4), 9.2325(6).

[2] The same result would be reached if the decedent's representative is a defendant.

Court of Appeals affirmed citing *Lebel v Swincicki,* 354 Mich 427; 93 NW2d 281 (1958). 79 Mich App 458; 263 NW2d 13 (1977).

On February 24, 1978 the trial judge in the *Miller* case issued an opinion in which he reluctantly granted plaintiff's motion to suppress based on the ruling of the Court of Appeals in the *Hubenschmidt* case. An order suppressing the evidence was entered on March 22, 1978. The defendant sought leave to appeal in the Court of Appeals and filed in this Court an application for leave to appeal prior to decision of the Court of Appeals.

We reverse in both cases.

### III

The removal of blood from a dead body for purposes of testing was not unreasonable under the circumstances and does not shock the conscience or our sense of justice. The circumstances were that traffic deaths had occurred in which the use or abuse of alcohol (or other substances) might have been a factor.

We are not concerned in these cases with issues of search and seizure/right to privacy, security of person or statutory construction which were raised in *Lebel v Swincicki, supra,* and *McNitt v Citco Drilling Co,* 397 Mich 384; 245 NW2d 18 (1976). Both of those cases dealt with extraction of a blood sample from a person still alive. Indeed, in *Lebel,* it is noted that:

"the right to privacy is a personal one which ends with the death of the person to whom it is of value, and it may not be claimed by his estate or by his next of kin." 354 Mich 440.

Likewise, we can find no legitimate basis for the

argument that a decedent's representative can claim, in a civil case, that the nonconsensual blood extraction from an already dead body amounted to an illegal search and seizure. Certainly there is no possible claim concerning the constitutional protection against self-incrimination.

Evidence of the consumption of alcohol by the decedents in these wrongful deaths could potentially be relevant to the issue of contributory negligence raised as an affirmative defense by each defendant. If the proponents of the evidence can show the requisite foundation establishing the integrity of the test results and the evidence is determined to be relevant by the trial judge, the results may properly be admitted into evidence at trial. *Gard v Michigan Produce Haulers,* 20 Mich App 402, 407-409; 174 NW2d 73 (1969); MRE 401, 402, 403.

Pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we reverse the rulings of the lower courts excluding the evidence and remand these cases to the circuit courts for trial. Costs to defendants.

KAVANAGH, C.J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.