McLEAN v ROGERS

Docket No. 78-3757. Submitted April 3, 1980, at Grand Rapids.—
Decided October 22, 1980.

David M. McLean was injured in an automobile accident when
his vehicle was struck by a vehicle driven by Harold V. San-
ders after the Sanders vehicle struck a vehicle driven by
Anthony R. Rogers. Sanders was killed in the collision. McLean
brought an action for damages against Rogers and Rodney H.
Sanders, the administrator of Harold Sanders' estate. The
Kalamazoo Circuit Court, Charles H. Mullen, J., entered a
judgment on a jury verdict in favor of McLean against both
defendants. Defendant Rogers appeals, alleging that the trial
court erred by excluding evidence that Harold Sanders had
been under the influence of alcohol at the time of the collision,
while allowing the admission of evidence that Rogers had been
drinking at the time. *Held:*

The evidence of Sanders' consumption of alcohol was relevant
to the issue of negligence and proximate cause. A proper
foundation was laid for the admission of the results of a blood
alcohol test administered on Sanders following the accident and
there is no question as to the integrity and reliability of the
test results. Exclusion of the test results, while evidence of
Rogers' drinking was admitted, resulted in prejudice to Rogers.

Reversed and remanded.

1. NEGLIGENCE — PROXIMATE CAUSE — INTERVENING CAUSE.

A plaintiff in a negligence action, in order to show proximate
cause, must prove that his injury was a probable, reasonably
anticipated, and natural consequence of the defendant's negli-
gence; proximate cause is not established where there is an
intervening and superseding cause of the injury.

REFERENCES FOR POINTS IN HEADNOTES
[1] 57 Am Jur 2d, Negligence §§ 139, 201.
[2] 62 Am Jur 2d, Privacy § 42.
[3] 30 Am Jur 2d, Evidence § 1120 *et seq.*
    57 Am Jur 2d, Negligence § 141.

2. Evidence — Blood Tests — Deceased Persons — Right to
   Privacy.

   The removal of blood from a dead person for purposes of testing
   is not unreasonable following a traffic accident in which the use
   of alcohol may have been a factor; the right of privacy, which
   might otherwise be raised to prevent the use of the results of
   such testing, is a personal right which ends with the death of
   the person to whom the right is of value and may not be
   claimed by his estate or by his next of kin.

3. Negligence — Evidence — Codefendants — Prejudice.

   A defendant in an automobile negligence case was prejudiced by
   the admission of evidence of his consumption of alcohol while
   similar evidence relating to another driver, who was killed in
   the three car collision, was excluded; the evidence relating to
   the deceased driver was relevant to the determination of negli-
   gence and proximate cause and should have been admitted.

*Garvey, Kreis, Enderle, Halpert & Etter, P.C.,*
for plaintiff.

*Cholette, Perkins & Buchanan* (by *Bruce M.
Bieneman* and *Robert J. Riley),* for defendant San-
ders.

*James, Dark & Brill,* for defendant Rogers.

Before: D. E. Holbrook, Jr., P.J., and T. M.
Burns and E. E. Borradaile,* JJ.

D. E. Holbrook, Jr., P.J. Plaintiff brought this
action for damages caused by the negligence of
Rogers and Harold V. Sanders in the operation of
their automobiles. On the date of the accident,
Rogers had had two beers and was drinking a beer
while driving. Such evidence went to the jury. He
was driving above the speed limit and stayed in
the passing lane after passing another automobile.
Rogers testified that he noticed Sanders' vehicle
moving up rapidly from behind and was somewhat

---

* Circuit judge, sitting on the Court of Appeals by assignment.

nervous because it appeared to be traveling at a high rate of speed. Sanders bumped Rogers' car, braked, and then shot into the on-coming traffic and collided with plaintiff's automobile. Sanders was killed and plaintiff was seriously injured. A jury awarded damages of $40,000 against both defendants. Rogers appeals as of right.

The primary basis of defendant Rogers' negligence is that he slowed his vehicle down while in the passing lane even though he was aware that a car was approaching rapidly from behind. A jury might reasonably have found that Rogers' consumption of beer added to his careless conduct of slowing down.

Rogers argues that he is entitled to a new trial because the trial court erroneously excluded evidence of a blood alcohol test of Sanders performed by a medical examiner after the accident. He contends that had the jury known that Sanders was under the influence of alcohol, they would have been more likely to find Sanders totally to blame for the collision. We agree. A clinical toxicologist testified at an evidentiary hearing that the blood alcohol sample from Sanders was .21 by weight. This level is twice the level for a legal presumption of driving under the influence and would significantly affect the ability to drive an automobile. There would be visual disturbances in gauging distances and motion, and in some cases there would be double vision. Motor skills such as braking, steering coordination, and reaction time would be severely affected.

In a negligence action, in order to show proximate cause, the plaintiff must prove that the injury was a probable, reasonably anticipated, and natural consequence of the defendant's negligence. Proximate cause is not established where there is

an intervening and superseding cause of the injury. An actor's negligent conduct will not be a legal cause of harm to another unless that conduct was a substantial factor in bringing about the harm. When the jury found Rogers guilty of negligent driving it did not have knowledge of all the relevant facts. Evidence of Sanders' consumption of alcohol was relevant to the issue of negligence and proximate cause. Such evidence could likely have resulted in the jury's finding that the negligence of Harold Sanders was an intervening and superseding cause.

In *Hubenschmidt v Shears,* 403 Mich 486; 270 NW2d 2 (1978), deaths occurred in traffic accidents where the use or abuse of alcohol or other substances may have been a factor. The removal of blood from a dead body for purposes of testing was found not to be unreasonable under the circumstances and did not shock the conscience or the court's sense of justice. Issues such as search and seizure, right to privacy, security of person, or statutory construction which could be raised in cases dealing with extraction of a blood sample from a living person do not apply. The right to privacy is a personal one ending with the death of the person to whom it is of value. It may not be claimed by his estate or by his next of kin. In *Hubenschmidt, supra,* 490, the Court stated:

"Evidence of the consumption of alcohol by the decedents in these wrongful deaths could potentially be relevant to the issue of contributory negligence raised as an affirmative defense by each defendant. If the proponents of the evidence can show the requisite foundation establishing the integrity of the test results and the evidence is determined to be relevant by the trial judge, the results may properly be admitted into evidence at trial."

In the instant case, there is no question as to the integrity and reliability of the test results. The requisite foundation was established. Defendant Rogers was severely prejudiced by the admission of evidence regarding his drinking of alcoholic beverages while similar and more damaging evidence relating to the codefendant's decedent's consumption of same was withheld from the jury. As in *Hubenschmidt, supra,* such evidence was relevant to the issue of negligence and proximate cause. It should not have been excluded.

Having examined defendant Rogers' remaining allegations of error, we find them to be without merit.

Reversed and remanded. Costs to appellant.