BUFFORD v BRENT

Docket No. 54004. Submitted January 7, 1982, at Detroit.—Decided April 8, 1982. Leave to appeal applied for.

Juanita Bufford died as a result of an automobile accident in which the car in which she was riding collided with a vehicle driven by Larry Brent. Luther Bufford, as administrator of the estate of Juanita Bufford, deceased, filed suit in Wayne Circuit Court against Larry Brent, Northlanes Bowl, Inc., and Capitol Indemnity Company, alleging that Brent negligently operated his vehicle while under the influence of alcohol and that Northlanes and Capitol were liable under the dramshop act. Prior to the trial, the plaintiff and Brent entered into an agreement whereby a consent judgment was entered against Brent. Subsequently, the court, John D. O'Hair, J., entered a judgment for Northlanes and Capitol on a jury verdict of no cause of action. The plaintiff appeals alleging that: (1) he was denied a fair trial because evidence of the decedent's blood alcohol content was admitted at the trial although evidence of Brent's blood alcohol content was excluded, and (2) error requiring reversal occurred because defense counsel asked two police officers whether Brent was charged with any crime because of the death of the plaintiff's decedent. *Held:*

1. The record establishes that the plaintiff did not object to any testimony concerning the decedent's blood alcohol level and, in fact, that evidence was first introduced by the plaintiff. Because manifest injustice would not result, the Court of Appeals declines to consider the issue. Even if the issue were to be considered, the removal of blood from a dead person for purposes of testing is not unreasonable and does not shock the sense of justice. Furthermore, reversal is not required because evidence of Brent's Breathalyzer test result was not admitted

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 545, 624, 626.

[2] [No reference].

[3, 4] 29 Am Jur 2d, Evidence §§ 370, 830.

Admissibility in criminal case of blood alcohol test where blood was taken from unconscious driver. 72 ALR3d 325.

[4] 7A Am Jur 2d, Automobiles and Highway Traffic § 305.

because the results of a blood alcohol test administered pursuant to the implied consent law should not be used in civil litigation. There is no merit to the plaintiff's claim that admission of evidence pertaining to the decedent's blood alcohol level violated the plaintiff's right to equal protection of the law because the act of extracting blood from a corpse does not violate any right that may be claimed by the estate of the decedent.

2. The questioning of the police officers by defense counsel regarding whether Brent was charged with any crime as a result of the death of the plaintiff's decedent was improper but does not require reversal.

Affirmed.

1. APPEAL — PRESERVING QUESTION.

Appellate courts will not consider issues not objected to at the trial unless manifest injustice would result.

2. APPEAL — ERROR PRECIPITATED BY APPELLANT.

An appellant should not obtain reversal of an unfavorable outcome in the lower court by reliance on error he precipitated.

3. INTOXICATING LIQUORS — DEAD BODIES — REMOVAL OF BLOOD.

The removal of blood from a dead person for purposes of testing is not unreasonable following a traffic accident in which the use of alcohol may have been a factor; the right of privacy, which might otherwise be raised to prevent the use of the results of such testing, is a personal right which ends with the death of the person to whom the right is of value and may not be claimed by his estate or by his next of kin.

4. EVIDENCE — BLOOD ALCOHOL TESTS — IMPLIED CONSENT — DISCLAIMER.

The results of blood tests administered pursuant to the implied consent statute are admissible into evidence in prosecutions for impaired or intoxicated driving; however, those blood test results are inadmissible in other actions unless disclaimers of reliance on the implied consent statute are made to both a driver and the doctor administering the test.

*Harry D. Hirsch, Jr.* (by *E. R. Whinham,* of counsel), for plaintiff.

*Tyler & Canham, P.C.,* for defendants.

Before: Bashara, P.J., and T. M. Burns and Allen, JJ.

Per Curiam. Plaintiff appeals as of right a September 27, 1979, jury verdict of no cause of action.

Plaintiff is the administrator of the estate of Juanita Bufford, whose death was the result of defendant Larry Brent's negligent operation of a motor vehicle while under the influence of alcohol. Defendants Northlanes Bowl, Inc., and Capitol Indemnity Company were brought into this action under the dramshop act, MCL 436.22; MSA 18.993.

Prior to the trial, plaintiff and defendant Brent entered into a consent agreement under which $21,000 was paid to the plaintiff. A jury trial against the remaining defendants commenced on September 20, 1979, and concluded with the September 27, 1979, jury verdict of no cause of action.

The plaintiff administrator raises two issues in this appeal. He argues first that he was denied a fair trial because evidence of the decedent's blood alcohol content was admitted at the trial although evidence of Brent's blood alcohol content was excluded.

The record indicates that prior to the trial, plaintiff's counsel initiated a discussion pertaining to the admissibility of Brent's Breathalyzer test results. Following this discussion, the trial judge indicated that the results would not be admissible. There was no mention in this discussion of whether evidence of the blood alcohol content of the decedent, as established in an autopsy, would be admissible. Further, there was no ruling by the trial judge on this question.

Evidence of the decedent's blood alcohol content was introduced at trial for the first time by plaintiff's counsel during his direct examination of

Wayne County Medical Examiner Dr. Werner Spitz. Dr. Spitz testified that the findings of his autopsy indicated that the decedent had a blood alcohol level of .17. Dr. Spitz explained on cross-examination that this level of alcohol content in a bloodstream would impair the ability of a person to function adequately and, in his opinion, would constitute a state of intoxication. Finally, Dr. Spitz testified that in order for a person of the size and weight of the decedent to have a blood alcohol level of .17, she would have had to consume nearly 12 drinks within an hour. Plaintiff did not object to the references of the decedent's alcohol blood level during the cross-examination of Dr. Spitz.

A fundamental principle of appellate review is that an appellate court will not consider issues that were not objected to at trial unless manifest injustice would result. *Brown v Considine,* 108 Mich App 504, 507; 310 NW2d 441 (1981). Manifest injustice would not result in this case from our failure to pass upon this question inasmuch as the record clearly establishes that plaintiff did not object to any testimony concerning the decedent's blood alcohol level and, in fact, that that evidence was first brought up by the plaintiff. As this Court stated in *Olweean v Wayne County Road Comm,* 26 Mich App 121, 126; 182 NW2d 58 (1970), *aff'd* 385 Mich 698; 190 NW2d 108 (1971): "It is too fundamental to require extended discussion that an appellant cannot obtain reversal of an unfavorable outcome by reliance on error he precipitated."

Even if this issue had not been waived by the plaintiff, no error has occurred. The removal of blood from a dead person for purposes of testing is not unreasonable and does not shock the sense of justice. *Hubenschmidt v Shears,* 403 Mich 486, 489; 270 NW2d 2 (1978). Where evidence of alcohol

consumption by a decedent in a wrongful death action is relevant to issues of negligence or proximate cause, reliable blood test results from the decedent's corpse are admissible. *McLean v Rogers*, 100 Mich App 734, 737-738; 300 NW2d 389 (1980).

Nor is reversal required on account of plaintiff's argument that the Breathalyzer test results obtained from Brent were admissible in this case because he consented to their use in courts of law and because he did not object to their use at the trial below.

In *McNitt v Citco Drilling Co*, 397 Mich 384; 245 NW2d 18 (1976), the Supreme Court held that the results of a blood alcohol test administered pursuant to the implied consent law cannot be used in civil litigation. In *People v Weaver*, 74 Mich App 53, 63; 253 NW2d 359 (1977), this Court observed that when consent is given to a request under the implied consent statute, the consent is deemed voluntary for the limited purposes of use in a drunk driving or impaired driving prosecution and that the statute forbids in all other instances the use of test results obtained by such consent. See also *People v McKinney*, 88 Mich App 715; 278 NW2d 728 (1979).

The ruling of the lower court on this question is consistent with this case law. Brent's consent to undergo a Breathalyzer test is limited to the purposes of the implied consent statute because he testified at trial that he took the test after being told by a police officer that if he refused, his license to drive would be revoked. Nowhere in the record is it establsihed that Brent was told by the police officer that the implied consent statute was not being relied on as authority for administering

the test. Therefore, exclusion of the test results was proper. This is true even though Brent did not object specifically to the admissibility of the test results because the necessity for any such objection was obviated by the trial judge's pretrial ruling excluding them.

Finally, there is no merit to plaintiff's claim that admission of evidence pertaining to the decedent's blood alcohol level violated plaintiff's right to equal protection of the law in light of the fact that Brent's test results were excluded. As the case of *Hubenschmidt v Shears, supra,* illustrates, the act of extracting blood from a corpse does not violate any right that may be claimed by the estate of the decedent. On the other hand, a living person could argue that the result of a Breathalyzer test should not be admitted into evidence at a civil trial on account of the right to privacy, the right to be free from unreasonable searches and seizures, and the right to have such evidence limited to the purposes set forth in the implied consent statute. Therefore, the decedent and Brent are not similarly situated persons with regard to blood alcohol content testing. Any statutory classification in the implied consent law that may have been created based upon the distinction between life and death has not been shown by the plaintiff to be unreasonable or irrational. As a consequence, we find no merit to plaintiff's equal protection argument.

Plaintiff also argues that prejudicial error occurred when defense counsel asked two police officer witnesses at trial whether Brent was charged with any crime on account of the death of the plaintiff's decedent. We agree that these questions were improper and that the trial judge correctly sustained objections to them. *Kirby v Larson,* 400 Mich 585; 256 NW2d 400 (1977). Nonetheless, we

do not believe that error requiring reversal has occurred.

No answers were given in response to defense counsel's queries on whether Brent had been ticketed or charged in connection with this accident. Further, the second time that the trial judge sustained plaintiff's counsel's objection to defense counsel's question, the trial judge immediately gave a cautionary instruction to the jury charging them to disregard the question for the reason that there was no basis for it and that no inference could be drawn from the mere asking of it. While the asking of these questions certainly raised the potential for prejudice, we do not believe that any prejudice has resulted and, as a consequence, we decline to reverse the jury verdict.

Affirmed.