TILLMAN v DETROIT RECEIVING HOSPITAL

Docket No. 75006. Submitted August 2, 1984, at Detroit.—Decided
    November 6, 1984. Leave to appeal applied for.

    Mary Catherine Tillman died of an accidental gunshot wound.
    Her mother, Alma Tillman, brought an action against Detroit
    Receiving Hospital and University Health Center, the Michigan
    Eye Bank, the Wayne County Medical Examiner and two
    unknown individuals, alleging that her daughter's corneas and
    eyes had been removed without plaintiff's consent and in
    violation of state law. Defendants filed motions for summary
    judgment on the basis that there was no genuine issue of
    material fact. The Wayne Circuit Court, Henry J. Szymanski,
    J., granted the motions in favor of the Michigan Eye Bank and
    the Wayne County Medical Examiner. Detroit Receiving Hospi-
    tal and University Health Center was dismissed by stipulation.
    Plaintiff appealed the summary judgments, alleging that the
    statute which allows the removal of corneas where an autopsy
    has been ordered is an unconstitutional invasion of the right of
    privacy and that the trial court erred in finding that there was
    no genuine issue of material fact. Held:

    1. Plaintiff's common law right to the burial of her daugh-
    ter's body without mutilation is not encompassed by the consi-
    tutional right of privacy. The right of privacy is personal which
    ends with the death of the person to whom it is of value and
    may not be claimed by the decedent's estate or next of kin.
    Thus, plaintiff has no cause of action based on the right of
    privacy.

    2. Defendants presented evidence indicating that the dece-
    dent's eyes were not removed nor her post-mortem appearance
    altered by the removal of the corneas. Plaintiff had the burden
    of coming forth with evidence to create a disputed issue of fact.
    Plaintiff's proofs consisted of mere conjecture, which is not
    sufficient to meet that burden.

    3. Even assuming that plaintiff's allegations are true, a

REFERENCES FOR POINTS IN HEADNOTES

[1] 22 Am Jur 2d, Dead Bodies §§ 31 *et seq.,* 38.
[2] 62 Am Jur 2d, Privacy § 43.
    Right of privacy. 14 ALR2d 750.
[3, 4] 73 Am Jur 2d, Summary Judgment §§ 15, 26, 27.

medical examiner is empowered by statute to retain body portions for further criminal investigation.

Affirmed.

1. Torts — Dead Bodies — Burial Without Mutilation.

A person entitled to the possession, control, or burial of a dead body may maintain an action for the tort of interference with the right of burial without mutilation; this common law right is not of constitutional dimensions.

2. Constitutional Law — Right of Privacy.

The constitutional right of privacy is a personal one which ends with the death of the person to whom it is of value and may not be claimed by his estate or his next of kin.

3. Judgments — Summary Judgment — Burden of Proof.

A party opposing a motion for summary judgment based upon the lack of a genuine issue of material fact has the burden of coming forth with some evidentiary proof that a genuine issue of fact does exist in order to avoid the granting of the summary judgment (GCR 1963, 117.2[3]).

4. Judgments — Summary Judgment — Burden of Proof — Conjecture.

Mere conjecture does not meet the burden of presenting evidence to establish that there exists a genuine issue of material fact so as to avoid a summary judgment.

*Bahr & Bergesen* (by *Edward A. Shuttie),* for plaintiff.

*John D. O'Hair,* Corporation Counsel, and *Karen G. Watkins,* Assistant Corporation Counsel, for defendant Wayne County Medical Examiner.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *William J. Lynch* and *Christine D. Oldani),* for defendant Michigan Eye Bank.

Before: Hood, P.J., and R. B. Burns and S. Everett,* JJ.

R. B. Burns, J. Plaintiff's daughter, Mary Cath-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

erine Tillman, was admitted to Detroit Receiving Hospital and University Health Center on December 25, 1982. She died at approximately 7:44 p.m. that evening. An autopsy was performed on the body at the Wayne County Morgue on December 26, 1982. The cause of death was listed as an accidental gunshot wound to the back.

Plaintiff filed a complaint in the Wayne County Circuit Court against Detroit Receiving Hospital and University Health Center, the Michigan Eye Bank, Wayne County Medical Examiner Dr. Werner Spitz, and two unknown individuals, alleging that her daughter's corneas and eyes were removed without her consent and in violation of state law.[1] Each of the named defendants individually filed a motion for summary judgment under GCR 1963, 117.2(3).

On October 21, 1983, the trial court granted the motions on behalf of defendants Michigan Eye Bank and the Wayne County Medical Examiner.[2] In a bench opinion the court ruled that, other than plaintiff's own assumptions, plaintiff had failed to produce any evidence to prove that the decedent's eyes were removed. The court also found that the medical examiner's function in this case cloaked him with governmental immunity and that plaintiff's challenge to the constitutionality of the cornea removal statute, MCL 333.10201 *et seq.;* MSA 14.15(10201) *et seq.,* was without merit. Plaintiff appeals and we affirm.

The portion of the statute relevant to this appeal states:

---

[1] In the lower court, plaintiff also alleged damages for the unauthorized removal of decedent's brain and for malpractice. Apparently, those allegations have been dropped on appeal.

[2] Detroit Receiving Hospital and University Health Center was dismissed as a party-defendant by stipulation of the parties and by order dated October 24, 1983.

"(1) In any case in which an autopsy is to be done by a county medical examiner or a county medical examiner causes an autopsy to be done, the cornea of the deceased person may be removed by a person authorized by the county medical examiner.

"(2) Removal under subsection (1) may be made only under the following circumstances:

"(a) An autopsy has already been authorized by the county medical examiner.

"(b) The county medical examiner does not have knowledge of an objection by the next of kin of the decedent to the removal of the cornea.

"(c) The removal of the cornea will not interfere with the course of any subsequent investigation or autopsy or alter post-mortem facial appearance." MCL 333.10202; MSA 14.15(10202).

"The county medical examiner, the assistant county medical examiner, a bank or storage facility, or any person authorized by the county medical examiner to remove the cornea of a deceased person, shall not be liable in a civil action if it is subsequently alleged that authorization for the removal was required of the next of kin." MCL 333.10203; MSA 14.15(10203).

Plaintiff claims this statute is an unconstitutional invasion of the right of privacy.

The threshold question is whether plaintiff has privacy rights which are implicated here. Only rights that can be deemed "fundamental" or "implicit in the concept of ordered liberty" are included in the guaranty of the right of personal privacy. *Roe v Wade,* 410 US 113, 152; 93 S Ct 705; 35 L Ed 2d 147 (1973); *Griswold v Connecticut,* 381 US 479; 85 S Ct 1678; 14 L Ed 2d 510 (1965); *Advisory Opinion on Constitutionality of 1975 PA 227 (Questions 2-10),* 396 Mich 465, 505; 242 NW2d 3 (1976). Plaintiff claims that as next of kin she has an inherent, fundamental right to bury her decedent's body without mutilation. While there is no property right in the next of kin to a dead

body, *Deeg v Detroit,* 345 Mich 371,375; 76 NW2d 16 (1956), Michigan jurisprudence recognizes a common law cause of action on behalf of the person or persons entitled to the possession, control, or burial of a dead body for the tort of interference with the right of burial of a deceased person without mutilation. *Id.*

We do not find this common law right to be of constitutional dimension. The privacy right encompasses the right to make decisions concerning the integrity of one's body. *Roe v Wade, supra.* This right is, however, a personal one. It ends with the death of the person to whom it is of value. It may not be claimed by his estate or his next of kin. *Hubenschmidt v Shears,* 403 Mich 486, 489; 270 NW2d 2 (1978); *McLean v Rogers,* 100 Mich App 734, 737; 300 NW2d 389 (1980). Accordingly, we reject plaintiff's constitutional challenge predicated on the right to privacy.

Plaintiff next contends that the trial court erred in finding there was no genuine issue of material fact that (1) the eyes of plaintiff's decedent were removed or that (2) the corneas of plaintiff's decedent were removed in such a way as to alter her post-mortem facial appearance.

In *Maccabees Mutual Life Ins Co v Dep't of Treasury,* 122 Mich App 660, 662-663; 332 NW2d 561 (1983), the standard of review is summarized:

"GCR 1963, 117.2(3), allows the trial court to grant summary judgment where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Szidik v Podsiadlo,* 109 Mich App 446, 448-449; 311 NW2d 386 (1981). A motion based on this subrule is designed to test whether there is factual support for a claim. *Partrich v Muscat,* 84 Mich App 724, 730; 270 NW2d 506 (1978). The court must consider the pleadings, affidavits and other available evidence and be satisfied that the claim asserted

cannot be supported by any evidence at trial. *Jacobs v Detroit Automobile Inter-Ins Exchange,* 107 Mich App 424, 432; 309 NW2d 627 (1981), *lv den* 414 Mich 872 (1982). The court must be satisfied that it is impossible for the claim to be supported at trial because of some deficiency which cannot be overcome. *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316 (1973). The court must give the benefit of any reasonable doubt to the opposing party and inferences are to be drawn in favor of the one opposing the motion. *Littsey v Wayne State University Bd of Governors,* 108 Mich App 406, 416; 310 NW2d 399 (1981), *lv den* 413 Mich 882 (1982). A party opposing the motion for summary judgment has the burden to come forward with some evidentiary proof that a genuine issue of fact does exist. If the opposing party fails to do so, the motion for summary judgment is properly granted. *Durant v Stahlin,* 375 Mich 628, 640; 135 NW2d 392 (1965)."

Defendants filed three affidavits with their motions for summary judgment. Technician Pandora Andrews in her affidavit stated that on December 26, 1982, at 12:30 a.m. she performed a corneal tissue excision on plaintiff's decedent after receiving authorization of the county medical examiner's office. She removed corneal tissue one-half millimeter in thickness and this did not alter the facial appearance of the corpse. She did not remove the eyes or brain. At the time she performed the corneal tissue excision, Andrews had no knowledge of any objection by the deceased's next of kin.

In his affidavit, defendant Werner Spitz stated that he knew of no objection of the next of kin when he authorized the removal of the corneas of plaintiff's decedent. He averred that he made the decision to conduct an autopsy prior to giving corneal removal authorization and that the corneas but not the eyes were removed prior to the autopsy. He stated that, in reviewing notes subsequent to the autopsy, he noticed on both the

manuscript and diagram references to the removal of decedent's eyes. These references were in error because only decedent's corneas had been removed. When the body was released to the funeral home, decedent's facial appearance was unaltered.

The affidavit of Raymond Cantrell, funeral director, states that he embalmed and prepared for viewing the body of plaintiff's decedent. In so doing he did not perform an eye-socket build-up procedure which would have been imperative had the deceased's eyes been removed.

With the filing of these affidavits, it became incumbent on plaintiff to come forth with evidence to create a disputed issue of fact, *i.e.,* that her decedent's eyes were removed or facial appearance was altered. *Durant v Stahlin, supra.*

The affidavits of Paula Lombard, decedent's sister, and Rhonda Tillman, decedent's sister-in-law, and plaintiff aver that they personally observed decedent in her coffin and that her eyes were sunken. Plaintiff and Rhonda Tillman also stated that they had telephoned the medical examiner's office and unidentified persons told them that decedent's eyes had been removed. Photographs taken of decedent in her coffin were also admitted.

The trial court was correct. Met with affidavits of the technician who performed the corneal excision procedure, the medical examiner who performed the autopsy, and the funeral director who embalmed and prepared the body for viewing—each of whom stated the eyes of plaintiff's decedent were not removed and there was no disfigurement—plaintiff presented no evidence to rebut this and raise a question of fact. Mere conjecture does not meet the burden to come forward with evidentiary proof to establish that there exists a genuine issue of material fact. *Szidik v Podsiadlo,* 109 Mich App 446, 451; 311 NW2d 386 (1981). Accordingly,

the trial court's grant of summary judgment is affirmed.

Even assuming that plaintiff's allegations are true and that the eyes of her decedent were removed, a medical examiner may retain body portions for further criminal investigation. MCL 52.205; MSA 5.953(5); *Allinger v Kell,* 102 Mich App 798; 302 NW2d 576 (1981). Recognizing that she is unable to explain why a medical examiner who may statutorily retain body parts would find it necessary to, as plaintiff alleges, "alter" diagrams to "cover up" the fact that the eyes were removed, plaintiff now claims additional discovery time is needed to reveal the medical examiner's motives. Plaintiff did not request additional time for discovery at the trial court level and we will not consider this claim.

Affirmed.