ESTATE OF GREEN v ST CLAIR COUNTY ROAD COMMISSION

Docket No. 109282. Submitted January 18, 1989, at Detroit. Decided
March 6, 1989.

Mary Ann Green, as personal representative of the estate of
Daniel David Green and next friend of Daniel Green's children,
brought in St. Clair Circuit Court a wrongful death action
against the St. Clair County Road Commission, James Currier,
Pat Currier and others for damages arising out of the death of
Daniel Green in an automobile accident. Plaintiff sought a
protective order prohibiting the introduction at trial of evi-
dence of the blood alcohol level of Mr. Green, a driver of one of
the automobiles involved in the accident, at the time of the
accident. The trial court, Richard L. Bos, J., granted the protec-
tive order. Defendants St. Clair County Road Commission,
James Currier and Pat Currier sought leave to appeal to the
Court of Appeals, which was denied. Defendant road commis-
sion then sought leave to appeal to the Supreme Court, which,
in lieu of granting leave, remanded to the Court of Appeals for
consideration as on leave granted. 430 Mich 887 (1988).

The Court of Appeals *held:*

1. The implied consent statute, under which authority the
sample of the deceased's blood was drawn, provided at all times
here relevant that blood could be drawn from the deceased
driver of an automobile involved in an accident for the purpose
of determining the blood alcohol level. Since the statute at all
times relevant contained no restriction on the use of informa-
tion so obtained, the implied consent statute in its present form
does not prohibit the use of blood alcohol level evidence thus
obtained from being admitted at a civil trial at which the blood
alcohol level of the deceased driver is otherwise relevant and
admissible.

2. It is not a denial of the constitutional right to equal
protection of the laws to prohibit the use as evidence in a civil

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 375-380; Evidence
§§ 295, 830; Witnesses §§ 239-245, 265-267.
Admissibility in criminal case of blood alcohol test where blood was
taken from unconscious driver. 72 ALR3d 325.

action of blood alcohol level information obtained from the analysis of a blood sample taken from a living driver while permitting such information to be admitted into evidence where the blood sample was taken from a deceased driver.

3. Information obtained by a county medical examiner during an autopsy is not subject to the physician-patient privilege, since no physician-patient relationship exists under such circumstances.

Reversed.

1. EVIDENCE — BLOOD ALCOHOL LEVEL — IMPLIED CONSENT — CIVIL ACTIONS.

Evidence of the blood alcohol level of a deceased driver involved in an automobile accident and obtained as a result of a blood sample taken from such deceased driver pursuant to the implied consent statute as amended by 1982 PA 310 may, if otherwise admissible, be admitted into evidence in a civil action (MCL 257.625a; MSA 9.2325[1]).

2. CONSTITUTIONAL LAW — EQUAL PROTECTION — IMPLIED CONSENT — EVIDENCE.

It is not a denial of equal protection to permit the admission in a civil action of evidence of the blood alcohol level of a deceased driver where the evidence was obtained by drawing, pursuant to the implied consent law, a blood sample from the deceased driver while prohibiting such evidence where the blood sample was drawn pursuant to the implied consent law from a living person (MCL 257.625a; MSA 9.2325[1]).

3. PHYSICIANS AND SURGEONS — PHYSICIAN-PATIENT PRIVILEGE.

The physician-patient privilege does not prohibit a county medical examiner from testifying as to the blood alcohol level of a deceased where the medical examiner's knowledge on that subject is the result of the analysis of a blood sample drawn during an autopsy, since no physician-patient relationship existed under those circumstances.

*Flanigan, Monaghan & Traver* (by *Daniel A. Traver*), for plaintiff.

*Highland & Currier, P.C.* (by *R. Michael John*), for the St. Clair County Road Commission.

Before: SULLIVAN, P.J., and WAHLS and CAVANAGH, JJ.

WAHLS, J. In this wrongful death action, defendant St. Clair County Road Commission (hereinafter defendant) appeals from a November 2, 1987, order of the St. Clair Circuit Court granting the motion of plaintiff, the estate of decedent Daniel David Green, for a protective order issued pursuant to MCR 2.302(C) regarding evidence relating to the alcohol content of decedent's blood as determined during the course of a post-mortem analysis conducted in accordance with a provision in the implied consent statute, MCL 257.625a(10); MSA 9.2325(1)(10). On appeal, defendant contends that the circuit court erred in granting plaintiff's motion for a protective order, thereby precluding at trial the admission into evidence of information revealing decedent's blood alcohol content at the time of his fatal automobile accident, because that information was not prohibited by the implied consent statute, by equal protection concerns, or by the physician-patient privilege. We agree with defendant and, accordingly, reverse the order of the circuit court and remand this case for further proceedings consistent with this opinion.

The record reveals that on September 7, 1986, Daniel David Green, then thirty years old, was killed in an automobile accident which occurred at the intersection of Indian Trail and Meisner Roads in China Township, St. Clair County. Apparently, Mr. Green had just left a wedding reception at the nearby Perch Point Conservation Club. The driver of the other car involved in the incident, Daniel Robert Lane, had shortly before the collision left a rock concert sponsored by Pat Currier. Mr. Green was killed in the collision, and his body was examined by the county medical examiner, Clemens M. Kopp, M.D. Dr. Kopp's autopsy report noted that the body fluids he had sent for analysis to the Toxicology Laboratory Center in Lansing disclosed

that, at the time of death, decedent's blood alcohol content was 0.12 percent and his urine alcohol level was 0.16 percent. Dr. Kopp gave a copy of his autopsy report to defendant's insurer, which, in turn, made the report available to defendant's attorneys. In addition, the body-fluid test results were discussed by defendant and laboratory personnel.

The present wrongful death action was filed on September 29, 1986, by plaintiff, the estate of Daniel David Green, by Mr. Green's widow, Mary Anne Green, in her capacity as personal representative of the estate and as next friend of the decedent's four minor children, against Daniel Robert Lane, the driver of the other car involved in the incident; Tom Crocker, doing business as Little Beverage Store, and John Doe Party Store, licensed retailers of alcoholic beverages which allegedly furnished Lane with alcoholic beverages in violation of the dramshop act, MCL 436.22 *et seq.*; MSA 18.993 *et seq.*; James Currier, who was a passenger in Lane's car and who allegedly contributed to the cause of the collision by consuming alcoholic liquor in Lane's car; and Pat Currier, James Currier's uncle, who sponsored the rock concert attended by Lane and who allegedly contributed to the cause of the collision by negligently permitting minors, such as Lane, to unlawfully consume alcoholic beverages while attending the rock concert.

On November 2, 1987, the St. Clair Circuit Court granted plaintiff's motion for a protective order. That order precluded the introduction of evidence at trial revealing the blood alcohol content of Mr. Green at the time of his death. Defendants St. Clair County Road Commission, James Currier and Pat Currier filed in this Court an application for leave to appeal from the circuit court's order,

which was denied on December 27, 1987. Defendant then filed an application for leave to appeal in the Supreme Court, which, on May 23, 1988—the day before trial was scheduled to begin in this case—issued an order granting defendant's motion for immediate consideration and staying proceedings in the circuit court. On June 1, 1988, the Supreme Court, in lieu of granting leave to appeal, remanded the case to this Court for consideration as on leave granted and specified that "[t]he stay of proceedings previously ordered by this Court remains in effect until further order of the Court of Appeals." *Green Estate v St Clair Co Road Comm,* 430 Mich 887; 423 NW2d 576 (1988).[1]

In granting plaintiff's motion for a protective order regarding Mr. Green's blood alcohol content, the trial court stated:

> I am satisfied that section ten [MCL 257.625a(10); MSA 9.2325(1)(10)] overrules *Hubenschmidt.* [*Hubenschmidt v Shears,* 403 Mich 486; 270 NW2d 2 (1978)]. What bothers me about a situation of this kind is that if defense counsel are correct in their interpretation, then the decedent would have lesser or fewer rights than one who had survived. If the right is to come from the implied consent statute, then having had *Hubenschmidt* in mind, it's the apparent intention of the legislature, through section ten, to preclude this evidence.
>
> I also feel that there is an equal protection argument, as well as the privilege arguments that do apply.

---

[1] We note that China Township, which was originally named as a defendant, was dismissed as a defendant in this action on December 8, 1986, by stipulation of the parties, because "China Township does not have jurisdiction over the roads in question, and . . . is under no obligation, contractual or otherwise, to maintain said roadways." Furthermore, we note that, according to defendant's appellate brief, the claims against James Currier and Pat Currier were settled by way of a consent judgment entered on May 16, 1988.

In any event, the motion for protective order on this issue is granted.

On appeal, defendant first argues that the trial court erred in ruling that § 625a of the implied consent statute, MCL 257.625a; MSA 9.2325(1), prohibits the admission into evidence of information relating to Mr. Green's blood alcohol content. Defendant emphasizes that § 625a does not limit the admissibility of test results in civil cases regarding a decedent's blood alcohol content, but merely permits such admissibility in certain enumerated criminal prosecutions. Moreover, defendant asserts that the admissibility of such test results in civil cases regarding a decedent driver's blood alcohol content is provided for in *Hubenschmidt v Shears,* 403 Mich 486; 270 NW2d 2 (1978). Section 625a of the implied consent statute presently provides in pertinent part:

(1) The amount of alcohol or presence of controlled substances or both in the driver's blood at the time alleged as shown by chemical analysis of the person's blood, urine, or breath shall be admissible into evidence in a criminal prosecution for any of the following:

(a) A violation of section 625(1),(2), or (3), or 625b, or of a local ordinance substantially corresponding to section 625(1), (2), or (3), or 625b.

(b) Felonious driving, negligent homicide, or manslaughter resulting from the operation of a motor vehicle while the driver is alleged to have been impaired by or under the influence of intoxicating liquor or a controlled substance or a combination of intoxicating liquor and a controlled substance, or to have had a blood alcohol content of 0.10% or more by weight of alcohol.

\* \* \*

(10) If after a highway accident the driver of a vehicle involved in the accident is deceased, a

sample of the decedent's blood shall be withdrawn in a manner directed by the medical examiner for the purpose of determining blood alcohol content or presence of a controlled substance or both.

In *Hubenschmidt, supra,* p 487, the Supreme Court, regarding the two cases before it consolidated on appeal, stated:

The issue to be decided in these two cases is whether the results of a test for alcohol content of a blood sample taken from a dead body may be admitted as evidence in a wrongful death action brought by or against the decedent's representative. We hold that if the requisite foundation is established showing the integrity of the results, they may be admitted into evidence if they are found to be relevant. MRE 401.

In response, plaintiff, stressing that Mr. Green's blood was withdrawn in accordance with § 625a(10) of the implied consent statute, argues that § 625a(1) of that statute, in permitting the admission into evidence of test results regarding blood so withdrawn in specific and enumerated *criminal* prosecutions, by negative implication prohibits the admission of such test results in all *civil* actions. Moreover, plaintiff points out that the *Hubenschmidt* case was decided prior to the addition of § 625a(10) to the implied consent statute and thus did not include an analysis of the effect of that subsection. See also *McLean v Rogers,* 100 Mich App 734; 300 NW2d 389 (1980). At the time *Hubenschmidt* was decided in 1978, plaintiff avers, the implied consent statute did not include a provision for the withdrawal of blood from a deceased driver for the purpose of determining blood alcohol content. In 1980, the Legislature, in 1980 PA 515, rewrote § 625c of the implied consent

statute and, among other things, added the following language:

> (4) If after a highway accident the driver of a vehicle involved in the accident is deceased, a sample of the decedent's blood shall be withdrawn in a manner directed by the medical examiner for the purpose of determining blood alcohol content. The results of an examination of the blood of a deceased driver shall be used for statistical purposes only.

In 1982, the Legislature, in 1982 PA 310, deleted the last sentence of this language, regarding the use of blood test results of deceased drivers for statistical purposes only, and, having added "or presence of a controlled substance or both" after "for the purpose of determining blood alcohol content," inserted the amended provision in § 625a, making it subsection 10 in that section.

A trial court's decision whether to admit into evidence certain information, testimony, or objects is within the court's discretion and will not be disturbed on appeal absent a showing of an abuse of that discretion. *Kochoian v Allstate Ins Co,* 168 Mich App 1, 12; 423 NW2d 913 (1988).

In *Doan v Highland Beach Inn,* 158 Mich App 144, 147; 404 NW2d 640 (1986), lv den 428 Mich 881 (1987), this Court held that, under the language of the 1982 amendment, evidence of a deceased driver's blood alcohol content was inadmissible in a civil case because "[t]he language of the old implied consent statute clearly prohibits use of the test for anything other than statistical purposes." The deletion by the Legislature of the statutory language limiting the use of such test results for statistical purposes only leads us to infer that, under the new language, such test results may be utilized for permissible uses other

than those relating merely to statistical purposes. Amendments to statutes are generally construed as changing the meaning of the statutes amended. *Borkus v Michigan National Bank,* 117 Mich App 662, 668; 324 NW2d 123 (1982), lv den 417 Mich 998 (1983). Just as the statutory language of limitation caused us in *Doan* to affirm the trial court's grant of the motion to prohibit the admission of evidence relating to the deceased driver's blood alcohol content, the absence of such language in the implied consent statute currently in effect causes us in the present case to reverse the trial court's grant of plaintiff's motion prohibiting the admission of evidence relating to Mr. Green's blood alcohol content. Our holding today is the complement of our earlier holding in *Doan.*

Nor are we persuaded by plaintiff's contention that, despite the deletion by the Legislature of the language regarding the use of blood alcohol evidence derived from deceased drivers, § 625a(1) of the implied consent statute precludes in this case, or in any civil action, the admission into evidence of the blood alcohol content of a driver whose blood was withdrawn after death in accordance with § 625a(10). The cases cited by plaintiff in support of its contention involve the admissibility of the blood alcohol content of individuals whose blood was withdrawn for testing purposes while they were living. See, e.g., *People v Keen,* 396 Mich 573; 242 NW2d 405 (1976); *McNitt v Citco Drilling Co,* 397 Mich 384; 245 NW2d 18 (1976); *People v Cords,* 75 Mich App 415; 254 NW2d 911 (1977). The Supreme Court has stated that, when a blood alcohol test is performed upon a living person pursuant to the provisions of the implied consent statute, the results of that test are inadmissible in evidence in civil litigation. *McNitt, supra;* see also *Keen, supra.*

Second, defendant argues that the trial court erred in ruling that evidence relating to Mr. Green's blood alcohol content was inadmissible at trial because its admission pursuant to § 625a(10) of the implied consent statute would constitute a violation of his equal protection rights. See *People v Perlos*, 170 Mich App 75, 88-89; 428 NW2d 685 (1988). The trial court did not explain its reasoning on this issue, nor is the one-page argument in plaintiff's appellate brief on this issue particularly illuminating. Apparently, defendant is maintaining that no violation of equal protection would occur in this case if it were held that, pursuant to § 625a(10), evidence relating to the blood alcohol content of an individual whose blood was withdrawn after death was admissible in civil actions, while at the same time holding that, pursuant to § 625a(1), evidence relating to the blood alcohol content of an individual whose blood was withdrawn while alive was not admissible in civil actions. We find that no equal protection violation occurred in this case because Mr. Green's, and thus his estate's, right to such a constitutional protection terminated when Mr. Green died. *Bufford v Brent*, 115 Mich App 146, 151; 320 NW2d 323 (1982), lv den 417 Mich 881 (1983); *McLean v Rogers*, 100 Mich App 734, 737; 300 NW2d 389 (1980); *Hubenschmidt, supra,* pp 489-490. In addition, to the extent that surviving drivers and the estates of deceased drivers are treated differently regarding the admissibility in civil actions of blood alcohol evidence as a result of the operation of §§ 625a(1) and 625a(10) of the implied consent statute, we find that such treatment is grounded in a reasonable or rational basis. *Perlos, supra.* A purpose of the implied consent statute is to help rid the streets of menacing drunken drivers and to

insure their punishment in the criminal, not the civil forum.

> [T]he implied consent statute provides certain protections to defendant in exchange for his consent to having a blood sample taken. It would, therefore, exceed the scope of defendant's consent to utilize the test results in a type of case not contemplated by the defendant at the time of consent. [*People v Hempstead*, 144 Mich App 348, 352-353; 375 NW2d 445 (1985).]

If the driver is dead, however, the need for such protection dissipates.

Finally, defendant argues that the trial court erred in ruling that evidence relating to Mr. Green's blood alcohol content was inadmissible at trial due to the existence of a physician-patient privilege. MCL 600.2157; MSA 27A.2157 provides, in pertinent part:

> No person duly authorized to practice medicine or surgery shall be allowed to disclose any information which he may have acquired in attending any patient in his professional character, and which information was necessary to enable him to prescribe for such patient as a physician, or to do any act for him as a surgeon . . . .

In response, in its appellate brief, plaintiff, neglecting to present an argument based on the existence of a physician-patient privilege, chooses instead to cite a provision in the Public Health Code regarding confidential information, MCL 333.2881; MSA 14.15(2881), and a provision in the county medical examiners act regarding testimony of medical examiners, MCL 52.212; MSA 5.953(12), in support of the contention that evidence regarding Mr. Green's blood alcohol content was not admissible

through testimony of Dr. Kopp, the county medical examiner who performed the autopsy on, and who withdrew blood from, Mr. Green's body. We confine ourselves to a discussion of the physician-patient privilege, however, because it is clear that the trial court considered only that issue and because, as plaintiff concedes in its appellate brief, the remaining issues which it raises on appeal were neither addressed nor decided by the trial court. An issue is not preserved for appeal if it was not addressed and decided by the trial court. *Joe Dwyer, Inc v Jaguar Cars, Inc,* 167 Mich App 672, 685; 423 NW2d 311 (1988).

It is very clear to us that the performing of an autopsy on, and the withdrawing of blood from, Mr. Green's body were not actions discharged by the county medical examiner while attending Mr. Green as a patient or for the purpose of treatment, advice or surgery. No physician-patient relationship arose because, at the time Dr. Kopp performed the medical acts, Mr. Green was not alive. "No physician-patient relationship arose; therefore, no physician-patient privilege existed." *Osborn v Fabatz,* 105 Mich App 450, 456; 306 NW2d 319 (1981).

Having concluded that plaintiff's motion for a protective order was improperly granted on each of the three grounds relied upon by the circuit court, we reverse the order of that court and remand this case for further proceedings consistent with this opinion.

Reversed and remanded. We do not retain jurisdiction. No costs.