SWICKARD v WAYNE COUNTY MEDICAL EXAMINER

Docket No. 127076. Submitted May 3, 1990, at Detroit. Decided July 16, 1990. Leave to appeal applied for.

Joe Swickard, a staff writer for the Detroit Free Press, brought in Wayne Circuit Court an action under the Freedom of Information Act against the Wayne County Medical Examiner. Plaintiff sought to compel disclosure of the results of an autopsy and toxicological tests on Longworth Quinn, Jr., the Chief Judge of the 36th District Court at the time of his death by apparent suicide. The trial court, Roland L. Olzark, J., issued an order compelling disclosure. Defendant appealed. Dorothy Quinn, mother of the decedent and temporary personal representative of his estate, was allowed to intervene as defendant.

The Court of Appeals *held:*

1. Because there was no physician-patient relationship between the medical examiner and the decedent, disclosure of the autopsy and toxicological reports is not precluded under the exemption provided by the Freedom of Information Act for information subject to the physician-patient privilege.

2. Disclosure of the reports is not precluded under the exemption for information of a personal nature where public disclosure would constitute a clearly unwarranted invasion of privacy. The decedent's personal right of privacy did not survive his death and disclosure of the information at issue would not bring the decedent's surviving relatives into unjustifiable publicity.

3. Disclosure of the information at issue does not violate the right to privacy, as guaranteed by the Fourteenth Amendment, of the decedent's surviving relatives. A governmental intrusion into a medical matter is permissible where, as here, the societal interest in disclosure outweighs the privacy interest.

Affirmed.

REFERENCES

Am Jur 2d, Records and Recording Laws §§ 46.15, 46.19.

What constitutes personal matters exempt from disclosure by invasion of privacy exemption under state freedom of information act. 26 ALR4th 666.

1. RECORDS — FREEDOM OF INFORMATION ACT — MEDICAL EXAMINERS
— AUTOPSY REPORTS — PHYSICIAN-PATIENT PRIVILEGE.

The results of an autopsy and toxicological tests performed on a
decedent by a county medical examiner are not exempt from
disclosure pursuant to the Freedom of Information Act under
the exemption provided for information subject to the physician-patient privilege; a physician-patient relationship does not
arise from the performance of an autopsy by a county medical
examiner (MCL 15.243[1][i], 600.2157; MSA 4.1801[13][1][i],
27A.2157).

2. RECORDS — FREEDOM OF INFORMATION ACT — MEDICAL EXAMINERS
— AUTOPSY REPORTS — INVASION OF PRIVACY.

Disclosure pursuant to the Freedom of Information Act of the
results of an autopsy and toxicological tests performed on a
decedent by a county medical examiner is not precluded under
the exemption provided for information of a personal nature
where such disclosure would not bring the decedent's surviving
relatives into unjustifiable publicity (MCL 15.243[1][a]; MSA
4.1801[13][1][a]).

3. CONSTITUTIONAL LAW — RIGHT OF PRIVACY — AUTOPSY REPORTS.

Disclosure of the results of an autopsy and toxicological tests
performed on a deceased public official by a county medical
examiner does not violate the constitutional right to privacy
enjoyed by the decedent's surviving relatives where the societal
interest in disclosure outweighs the privacy interest (US Const,
Am XIV).

*Honigman, Miller, Schwartz & Cohn* (by *Herschel P. Fink* and *Kenneth R. Chadwell*), for Joe
Swickard.

*Saul A. Green,* Corporation Counsel, and *Ellen
E. Mason,* Assistant Corporation Counsel, for
Wayne County Medical Examiner.

*Bell & Gardner, P.C.* (by *Samuel C. Gardner*), for
Dorothy Quinn.

Before: CAVANAGH, P.J., and McDONALD and
MARILYN KELLY, JJ.

CAVANAGH, J. Defendant appeals as of right the

March 23, 1990, order of the circuit court compelling defendant to disclose the autopsy report and the toxicology test results of Longworth Quinn, Jr. Dorothy Quinn, the decedent's mother and the temporary personal representative of his estate, has intervened with this Court's permission. Both parties have raised various arguments. We affirm.

On January 4, 1990, Longworth Quinn, Jr., the Chief Judge of 36th District Court, was found shot to death in his mother's home, the victim of an apparent suicide. On January 23, 1990, plaintiff, a Detroit Free Press staff writer, requested under the Michigan Freedom of Information Act, MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.*, that the Wayne County Medical Examiner make available the autopsy report on Judge Quinn and the results from any toxicology tests. When defendant replied that the requested information would be made available only after plaintiff presented a duly executed authorization, this lawsuit was filed.

Defendant claims on appeal that the trial court erred in ordering disclosure because the information requested is subject to a number of exemptions under the act, and because the trial court's decision was made without the benefit of an evidentiary hearing. The intervenor also relies on the statutory exemptions in arguing that the information should be withheld and, in addition, claims that disclosure would violate the family's constitutional right to privacy.

Under the act, an individual has the right to receive, upon proper request, copies of public records not subject to exemption from disclosure. MCL 15.233(1); MSA 4.1801(3)(1). The exemptions must be narrowly interpreted, *Post-Newsweek Stations, Michigan, Inc v Detroit,* 179 Mich App 331, 335; 445 NW2d 529 (1989), and the burden of proof is on the party claiming an exemption, *The Eve-*

*ning News Ass'n v City of Troy,* 417 Mich 481, 503; 339 NW2d 421 (1983), reh den 418 Mich 1202 (1984).

Section 13(1)(d) of the act exempts from disclosure "records or information specifically described and exempted from disclosure by statute." Section 13(1)(i) exempts from disclosure "information subject to the physician-patient privilege." Both the defendant and the intervenor rely on these sections of the act to argue that, because the requested information is shielded by the physician-patient privilege found in MCL 600.2157; MSA 27A.2157, the information is exempt from disclosure. We disagree.

MCL 600.2157; MSA 27A.2157 provides, in pertinent part:

> No person duly authorized to practice medicine or surgery shall be allowed to disclose any information which he may have acquired in attending any patient in his professional character, and which information was necessary to enable him to prescribe for such patient as a physician, or to do any act for him as a surgeon . . . .

This Court has already addressed the issue, albeit in a different context, and found it very clear that "the performing of an autopsy . . . by the county medical examiner" was not an action taken while attending the deceased "as a patient or for the purpose of treatment, advice or surgery." *Estate of Green v St Clair Co Road Comm,* 175 Mich App 478, 489; 438 NW2d 630 (1989). Also see *Osborn v Fabatz,* 105 Mich App 450; 306 NW2d 319 (1981). Furthermore, because a confidential relationship between physician and patient cannot arise when the patient is deceased, this Court was convinced that the physician-patient privilege never came

into existence. *Green, supra* at 489. The same reasoning applies in the present case.

Both the defendant and the intervenor also rely on § 13(1)(a) which exempts "[i]nformation of a personal nature where the public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy." They argue that the autopsy report and the toxicology test results are information of a personal nature, the disclosure of which would violate the decedent's common-law right to privacy. In addition, they argue that disclosure would violate the Quinn family's constitutional right to privacy.

While neither a balancing of the interests involved nor consideration of the purpose behind the request to disclose is appropriate, the courts must apply "the principles of privacy developed under the common law and our constitution" in determining whether a release of information is statutorily barred. *State Employees Ass'n v Dep't of Management & Budget,* 428 Mich 104, 123; 404 NW2d 606 (1987). The facts of each case must be examined "to identify those in which ordinarily impersonal information takes on 'an intensely personal character' justifying nondisclosure under the privacy exemption." *Id.,* quoting from *Kestenbaum v Michigan State Univ,* 414 Mich 510; 327 NW2d 783 (1982), reh den 417 Mich 1103 (1983).

The right protected is a personal right, peculiar to the person whose privacy is invaded. Consequently, after that person's death, an action for invasion of privacy cannot be maintained by a relative of the person involved, unless the relative is brought into unjustifiable publicity. *Fry v Ionia Sentinel-Standard,* 101 Mich App 725, 730; 300 NW2d 687 (1980), and 3 Restatement Torts 2d, § 652A, p 403.

Although we would concede the very personal

nature of the information requested in this case, we firmly believe that the privacy interest to be protected is peculiar to Judge Quinn and ended with his death. With respect to his family's privacy interests, we cannot say that the release of the requested information would bring his relatives into unjustifiable publicity. Furthermore, mindful of the fact that the statutory exemptions are to be narrowly interpreted, defendant and the intervenor have not persuaded us that disclosure would also be a "clearly unwarranted invasion" of the privacy of the decedent or his family.

As to the constitutional claim, the United States Supreme Court has recognized that the Fourteenth Amendment protects two types of privacy interests. "One is the individual interest in avoiding disclosure of personal matters, and another is the interest in independence in making certain kinds of important decisions." *Whalen v Roe,* 429 US 589, 599-600; 97 S Ct 869; 51 L Ed 2d 64 (1977). However, a governmental intrusion into medical matters has been permitted after a finding that the societal interest in disclosure outweighs the individual's privacy interest. *United States v Westinghouse Electric Corp,* 638 F2d 570, 578 (CA 3, 1980).

In the instant case, the only individuals who can argue that their privacy will be invaded are the surviving members of the Quinn family. Pursuant to federal law, what we consider to be a minor intrusion into the family's privacy has to be balanced. against the public's right to know all the details surrounding the death of a public official. *Id.* Clearly, under the facts presented here, the public's right to know prevails.

Since there is no common-law invasion of privacy or constitutional invasion of privacy to support the argument that § 13(1)(a) is applicable, we

agree with the trial court that disclosure of the requested information is appropriate.

As to the remaining issues, we disagree that an evidentiary hearing should have been conducted below. Everything needed for an effective review by this Court was supplied by the parties and since there were no disputed issues of fact, an evidentiary hearing would have served no purpose. Secondly, defendant's argument that § 13(1)(m) provides an applicable exemption has not been preserved for appeal and will not be addressed. *Joe Dwyer, Inc v Jaguar Cars, Inc,* 167 Mich App 672, 685; 423 NW2d 311 (1988). Defendant's equal protection argument suffers the same fate. Finally, we find defendant's attempted use of MCR 2.314 to buttress his physician-patient privilege argument to be without merit.

Affirmed.