LAFLER v. FISHER.

1. INTOXICATING  LIQUORS—CIVIL-DAMAGE SUIT — EVIDENCE — IN-
STRUCTIONS.

A charge, in a civil-damage suit, that plaintiff was not entitled
to a verdict unless defendant sold liquor to deceased at a time
when he was intoxicated, sufficiently covered a requested in-
struction that damages could be recovered only in case an un-
lawful sale was proved.

2. SAME—SALE TO INTOXICATED PERSON—EXEMPLARY DAMAGES.

The selling of liquor to a person with knowledge that he is in-
toxicated justifies an award of exemplary damages, under 3
How. Stat. § 2283e3, to the wife of such person, where his
death is caused by the intoxication; it not being necessary, in
order to render the seller liable, that he should have been able
to anticipate the particular injury which resulted.

3. SAME—ESTIMATE OF DAMAGES.

Where plaintiff in a civil-damage suit shows injury to her
means of support, and gives evidence from which the extent
of the injury may approximately be ascertained, the jury may
estimate and award to her damages, without an accurate
statement's being made of the contributions of which the in-
jury deprived her.

4. SAME—INTOXICATED PERSON—DEFINITION.

Defendant in a civil-damage suit has no cause to complain of
an instruction defining an intoxicated person as one whose
senses are obviously destroyed or distracted by the use of in-
toxicating liquors.

Error to Monroe; Kinne, J.  Submitted June 7, 1899.
Decided July 11, 1899.

Case by Martha Lafler against Edward L. Fisher, a
saloon keeper, and his bondsmen, impleaded with William
R. Carman, another saloon keeper, and his bondsmen,
under the civil-damage act.  From a judgment against
defendant Fisher and his bondsmen, they bring error.
Affirmed.

*Watts, Bean & Smith (Landon & Lockwood* and *James W. Helme, Jr.,* of counsel), for appellants.

*C. A. Golden* and *John O. Zabel,* for appellee.

HOOKER, J. The plaintiff's husband is said to have met his death by reason of intoxication. The defendants are two saloon keepers and their respective bondsmen. A judgment was recovered against defendant Fisher and his bondsmen under the statute, and they have appealed. But few of the errors assigned are discussed in the brief of the appellants.

1. It is said that certain requests to charge, in effect stating that damages could be recovered only in case an unlawful sale was proved, were denied. The court repeatedly told the jury that the plaintiff was not entitled to a verdict unless the respective defendants, or their principals, were shown to have sold liquor to the deceased at a time when he was intoxicated. Such a sale would be unlawful, and we think the point was sufficiently covered.

2. It is contended that there was no basis for exemplary damages, and that it was error to permit the jury to find such. The instruction given was as follows:

"If, under the evidence and the instructions that I have given you, you find that the plaintiff is entitled to a verdict, she will be entitled to recover such damages as by the evidence it appears that she has suffered by reason of the death and loss of her husband. In estimating these damages, you should consider the loss of her means of support, her mental suffering, and the loss of her husband's society and companionship, so far as the same may have been established by the evidence, and award to the plaintiff such a sum as, in your sound judgment and discretion, you find will be a fair compensation for her loss and injuries.

"Something has been said, I think, upon the subject of exemplary damages. I do not think any damages should be allowed in the nature of mere punishment to the defendants. If any damages beyond actual damages are allowed, they should be based upon the idea of an aggravated injury to the feelings and sense of wrong to the

plaintiff by reason of having sold these liquors to Mr. Lafler when he was intoxicated. No mere captious or punitory damages should be allowed, and, if any exemplary damages are allowed by you, they should be fixed and arrived. at by the exercise of a careful discretion and discrimination."

There was testimony tending to show that liquor was sold to the deceased by the defendants while he was intoxicated, and that he soon after met his death, which, under the statute, authorizes the recovery of exemplary damages, if the jury find that his death was caused by such intoxication. See *Weiser* v. *Welch,* 112 Mich. 137. We think there was evidence from which the jury might find that the liquor was sold with knowledge of the intoxicated condition of the deceased, and was therefore wanton. It is not necessary that the wrong-doer should be able to anticipate the particular injury to make him liable to damages therefor.

3. The plaintiff offered testimony tending to show that the husband earned about $700 a year, that he had a farm, and that he supported her well. She did not show the exact amount that he contributed, and counsel urge that there was no way for the jury to tell how much she received. We think there was sufficient to enable the jury to estimate her damages. In actions of tort for personal injury, the circumstances are shown, and the jury determine the amount of injury. We think the same rule applies here. It is, of course, necessary to show injury to her means of support, but it is not to be expected that an accurate statement of what had been furnished could be shown, and, in our opinion, the statute does not contemplate it. 3 How. Stat. § 2283e3.

4. The court instructed the jury in regard to what is meant by "intoxication" as follows:

"I want to say a word to you in reference to what may be deemed an 'intoxicated person,' within the meaning of the statute. When it is apparent that a person is under the influence of liquor, or when his manner is unusual or abnormal, and his inebriated condition is reflected in his

walk or conversation, when his ordinary judgment and common sense are disturbed, or his usual will power is temporarily suspended, when these or similar symptoms result from the use of liquors, and are manifest, then, within the meaning of the statute, the person is intoxicated, and any one who makes a sale of liquor to such person violates the law of the State. It is not necessary that the person should be so-called 'dead drunk,' or hopelessly intoxicated; it is enough that his senses are obviously destroyed or distracted by the use of intoxicating liquors."

We think that the defendants have no cause for complaint upon this subject.

We find no error, and the judgment is affirmed.

The other Justices concurred.