GROTH v DeGRANDCHAMP

1. INTOXICATING LIQUORS—STATUTES—PRESUMPTIONS OF INTOXICATION
   —DRIVING UNDER INFLUENCE—CIVIL ACTIONS.

   The presumption created by statute that a chemical analysis
   revealing a blood alcohol level of .10% shall give rise to a
   presumption of intoxication applies only in cases involving a
   criminal prosecution for driving under the influence of intoxi-
   cants or impaired driving; it has no application in a civil action
   for damages (MCLA 257.625a[1]; MSA 9.2325[1][1]).

2. INTOXICATING LIQUORS—BLOOD TESTS—IMPLIED CONSENT—CIVIL AC-
   TIONS—EVIDENCE.

   The results of a chemical blood analysis administered pursuant to
   the implied consent statute are inadmissible in evidence in a
   civil action (MCLA 257.625a; MSA 9.2325[1]).

3. WITNESSES—EXPERT WITNESSES—QUALIFICATIONS—DISCRETION—
   COURTS—ABUSE OF DISCRETION.

   The qualification of a witness to give opinion testimony is discre-
   tionary with a trial court; the court's determination will not be
   reversed on appeal absent an abuse of that discretion.

4. INTOXICATING LIQUORS—DEFINITION OF INTOXICATION—VISIBLY IN-
   TOXICATED STANDARD—PRESERVING QUESTIONS.

   A jury instruction defining intoxication which added to the
   approved instruction that one's intoxicated condition could be
   reflected in his driving did not in effect adopt the "visibly

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 259, 332–334.
[3] 7 Am Jur 2d, Automobiles and Highway Traffic § 331.
  31 Am Jur 2d, Expert and Opinion Evidence § 31.
[4] 45 Am Jur 2d, Intoxicating Liquors § 21.
  75 Am Jur 2d, Trial § 712 *et seq.*, 906 *et seq.*
[5] 45 Am Jur 2d, Intoxicating Liquors §§ 586–588.
  Owner: who is, as "owner" of premises on which intoxicating liquor
  is sold, liable under civil damage or dram shop acts. 4 ALR3d
  1332.
[6] 58 Am Jur 2d, New Trial § 137.

intoxicated" standard and was not reversibly erroneous where it was unobjected to at trial.

5. INTOXICATING LIQUORS—DRAMSHOP ACTIONS—ILLEGAL SALES—EM- PLOYERS' LIABILITY—INSTRUCTIONS TO JURY.

A jury instruction in a dramshop action that liability would exist if the defendants, or their employees, illegally sold liquor to the person causing injury to plaintiffs' decedent was proper, but an employer is not liable for all of the acts of its employees as a matter of law.

6. NEW TRIAL—COURTS—MOTIONS—VERDICTS—WEIGHT OF EVIDENCE.

A claim that a verdict is against the great weight of the evidence should be made to the trial court in a motion for new trial.

Appeal from Macomb, Raymond R. Cashen, J. Submitted June 16, 1976, at Lansing. (Docket No. 27033.) Decided September 28, 1976. Leave to appeal applied for.

Complaint by Jerome A. Groth, for himself and as administrator of the estate of Richard J. Groth, deceased, and Rita V. Groth against Clements DeGrandchamp, Richard L. DeGrandchamp, Ronald Hintz, Leonarda Hintz, and the estate of Leonard Hintz, jointly and severally, and the estate of Gilbert H. Gokey, deceased, jointly, for damages resulting from an automobile collision. The estate of Gilbert H. Gokey was dismissed from the action by stipulation. Judgment for defendants. Plaintiffs appeal. Affirmed.

*Robert T. Wall,* for plaintiffs.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Joseph V. Walker* and *Christine D. Oldani),* for defendants Hintz.

*Ulanoff, Ross, Summer & Lakritz, P. C.,* for defendants DeGrandchamp.

Before: BRONSON, P. J., and BEASLEY and D. ANDERSON, JR.,* JJ.

D. ANDERSON, JR., J. This is a dramshop action in which the parents sought to recover damages resulting from the death of their eldest son, fatally injured in a head-on collision on an expressway. The jury returned a verdict of no cause of action in favor of the two defendant bars. The action by the Estate of Richard J. Groth, deceased, against the Estate of Gilbert H. Gokey, deceased, was dismissed after settlement.

Gilbert H. Gokey, a high school teacher who taught a driver education class, went to Clem's bar, the first of the defendant bars, after school let out on April 14, 1972, arriving some time between 3 and 4 p.m. He drank beer there with friends, left at approximately 7:30 p.m., and went to Hintz's, the second of the two bars. There he drank more beer and left at about 10 p.m. He drove north approximately 5 miles, stopped for a red light, and then turned right in a northerly direction into the southbound lanes of Van Dyke, a divided highway. He ignored numerous traffic control devices and drove on the shoulder of the road around cars headed southbound, whose operators were flashing lights and honking horns at him. His car collided head-on with the automobile driven by plaintiffs' son. Mr. Gokey was killed instantly. Plaintiffs' son died at the hospital shortly after the collision.

During the trial a laboratory analysis of Mr. Gokey's blood and urine was admitted in evidence, showing the percentage of alcohol in the blood to be .23, and in the urine .28.

Plaintiffs' decedent was 24 years old, unmarried, was a school teacher and lived with his parents.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The Estate of Richard J. Groth settled its claim against the Estate of Gilbert H. Gokey prior to trial and a discontinuance was entered on November 24, 1975.

Plaintiffs appeal from the verdict and judgment, assigning numerous claims of error.

Plaintiffs requested the trial court to instruct the jury as follows:

"I instruct you that a Michigan statute, MCLA 257.625 is applicable in this case. That statute provides that if Mr. Gokey was found to have alcohol in his blood 0.10 or more by weight by chemical analysis, he is presumed to be under the influence of intoxicating liquor."

The trial judge refused to give this instruction, and plaintiffs assign such refusal as error.

The trial court was correct in its refusal. MCLA 257.625a(1); MSA 9.2325(1)(1) provides:

"In any criminal prosecution for driving a vehicle while under the influence of intoxicating liquor, the amount of alcohol in such person's blood at the time alleged as shown by chemical analysis of the person's blood, urine, breath or saliva, shall be admissible into evidence and shall give rise to the following presumptions * * * ".

The statutory presumption arises only in cases involving a criminal prosecution for driving under the influence of intoxicating liquor or impaired driving. It is not admissible in a prosecution for manslaughter. *People v Keen,* 396 Mich 573; 242 NW2d 405 (1976).

Since the statutory presumption arises only through a statutorily coerced implied consent to the withdrawal of a sample specimen, and is limited to criminal prosecutions for driving under the

influence of intoxicating liquor, it has no application in a civil action for damages.[1]

Rosemary Furlong testified that she made the blood analysis concerning Mr. Gokey and as to the results of her tests. No question is raised as to her competency to make the tests and to testify as to the results as an expert witness. Ms. Furlong was also asked, as an expert witness, what the effect of the percentage of blood alcohol found would be in reference to intoxication. The trial court sustained defendants' objections to this testimony on the ground that the witness had not been qualified as an expert as to that particular field.

It is questionable whether her testimony as to the amount of alcohol in the blood was admissible in this civil action. *McNitt v Citco Drilling Co,* 397 Mich 384; 245 NW2d 18 (1976). If her testimony as to blood alcohol was inadmissible, it would obviously have been error to permit her to give an expert opinion based thereon.

The determination of the qualifications of a witness to give opinion testimony is within the discretion of the trial judge. *Auto-Ion Chemicals, Inc v Gates Rubber Co,* 33 Mich App 574, 577; 190 NW2d 357 (1971). The court's determination will not be reversed absent an abuse of discretion. *Accetola v Hood,* 7 Mich App 83, 86; 151 NW2d 210 (1967).

The testimony in this case indicated clearly that

---

[1] The dramshop act, MCLA 436.29; MSA 18.1000, requires proof that liquor was served to a person who was then intoxicated, rather than to one who was then under the influence of liquor. For this reason alone the statutory presumption would be inapplicable.

In view of the recent decision of the Michigan Supreme Court in *McNitt v Citco Drilling Co,* 397 Mich 384; 245 NW2d 18 (1976), holding that the results of a chemical analysis are inadmissible in evidence in a civil action, it would appear that admitting the results of the chemical analysis in this case was error, and that instructing as to a statutory presumption arising from inadmissible evidence would also clearly be error.

the witness lacked the qualifications necessary to permit her to testify as an expert on the effect of a given blood alcohol content on an individual, and therefore, there was no abuse of discretion in the trial court's refusal to permit her to give the offered testimony.

A newspaper account of the conviction of Henry Ford II in California for driving under the influence of liquor, which stated that tests revealed a .16 blood alcohol level, was offered in evidence by the plaintiffs. It appears that the trial judge advised the jury that this account was not to be considered by the jurors, and that the court would instruct the jurors as to the law to be applied in this case. Plaintiffs assign error in this regard. The record indicates that the judge fairly and conscientiously endeavored to safeguard the rights of all of the litigants, and that there is no merit to plaintiffs' claim in this regard.

Plaintiffs next claim that the instruction of the trial judge in defining intoxication in effect adopted the "visibly intoxicated" standard of the amendment to the dramshop act and was prejudicial to the plaintiffs.

The instruction given by the court followed almost verbatim the instruction approved in *Lafler v Fisher,* 121 Mich 60, 62–63; 79 NW 934 (1899), adding only that one's intoxicated condition could be reflected in a person's driving. The trial judge did not use the words "visibly intoxicated". There was no objection to the instruction by plaintiffs, other than the court's refusal to instruct as to the statutory presumption. There is no merit to plaintiffs' contention.

Plaintiffs requested an instruction that an employer would, as a matter of law, be liable for all of the acts of its employees. The trial judge refused

to give this instruction, but did instruct the jury, in effect, that liability would exist in the event of an illegal sale to Mr. Gokey by the bars involved "or the employees of Clem's or Hintz's give or sold intoxicating liquors to him". This instruction was given twice.

The requested instruction was erroneous, since an employer is not liable for the acts of his employees under all circumstances, and was properly refused. The instruction given was correct, and the jury could not have been misled. Plaintiffs' contention in this regard is without merit.

Plaintiffs next claim that the instructions of the trial court were prejudicial to plaintiffs and too favorable to defendants in that the court overemphasized the fact that the jury could find for the defendants. Jury instructions are to be taken as a whole, and a reading of the entire charge fails to sustain plaintiffs' contention.

The court did instruct the jury that plaintiffs had the burden of proof on the issues of damage caused by Mr. Gokey, whether Mr. Gokey was intoxicated at the time he was served and at the time of his alleged negligence, and whether his intoxication was a contributing factor to plaintiffs' damages. The court instructed that plaintiffs had to prevail on each element, that each defendant was entitled to separate consideration, and that if either defendant violated the statute and the violation was a cause of the occurrence, they would still have to find that Mr. Gokey's conduct was a cause of plaintiffs' damages. The court then instructed the jury as to damages if plaintiffs were entitled to recover, how they were to render their verdict, and the various verdicts possible. The instructions were concededly correct, and do not support plaintiffs' claims of overemphasis.

Finally, plaintiffs assert that the verdict is contrary to the great weight of the evidence. This Court will not substitute its judgment for that of the jury "unless a careful review of the record reveals a miscarriage of justice". *Durbin v K-K-M Corp,* 54 Mich App 38, 58; 220 NW2d 110 (1974). Such a claim is properly addressed to the discretion of the trial judge by a motion for a new trial. No such motion was filed in this case, and this Court declines to consider the issue, other than to note that only one witness gave testimony supporting plaintiffs' claims while several testified in opposition thereto. Certainly, the record reveals no miscarriage of justice.

Affirmed. Costs to defendants.