## WINCHER v CITY OF DETROIT

Docket No. 77327. Submitted March 20, 1985, at Detroit.—Decided May 10, 1985. Leave to appeal applied for.

Plaintiffs, Peggy Wincher, Dwaine E. Hopkins, and others, brought an action in the Wayne Circuit Court against the City of Detroit and Albert Holman. The action arose out of a shooting incident which occurred between Holman, an off-duty, disabled Detroit police officer, and the plaintiffs. Plaintiffs' action alleged a violation of 42 USC 1983 against the city and also sought damages in a civil action for assault and battery against the city and Holman on a *respondeat superior* theory. At the close of proofs, the trial court, Lucile A. Watts, J., granted the city's motion for a directed verdict on the § 1983 action. The jury returned a verdict of no cause of action against the city on the assault and battery claim but found Holman liable for damages. Plaintiffs appeal from the court's order granting the directed verdict and from the order granting a judgment of no cause of action against the city. *Held:*

1. The directed verdict in favor of the city on plaintiffs' § 1983 civil rights claim was proper.

2. The trial court did not err in excluding evidence of a directive by the chief of police regarding a disabled police

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Trial § 483.

Propriety of direction of verdict in favor of fewer than all defendants at close of plaintiff's case. 82 ALR3d 974.

[2, 3] Am Jur 2d, Municipal, School, and State Tort Liability §§ 80-84, 88.

See the annotations in the ALR3d/4th Quick Index under the topic Discrimination

[4] Am Jur 2d, Negligence § 66 *et seq.*

[5] Am Jur 2d, Appeal and Error § 648 *et seq.*

[6] Am Jur 2d, Trial §§ 573-930.

Construction of statutes or rules making mandatory the use of pattern or uniform approved jury instructions. 49 ALR3d 128.

[7] Am Jur 2d, Appeal and Error §§ 776-819.

See the annotations in the ALR3d/4th Quick Index under the topic Appeal and Error.

officer's ability to carry a weapon which directive was issued subsequent to the shooting incident involved here.

3. Plaintiffs did not produce evidence at trial to support a theory of unusual susceptibility to injury or aggravation of preexisting injuries. Error, if any error exists, in regard to the trial court's failure to give standard jury instructions requested by the plaintiffs concerning preexisting damages and aggravation of injuries was harmless error since the jury never reached the issue of damages as to the city.

Affirmed.

1. MOTIONS AND ORDERS — DIRECTED VERDICT.

A trial court should view the evidence and all legitimate inferences which can be drawn therefrom in a light most favorable to the nonmoving party when considering a motion for a directed verdict.

2. MUNICIPAL CORPORATIONS — TORTS — DEPRIVATION OF RIGHTS — UNITED STATES CODE.

A municipality may be found to be liable as a person under a United States Code section concerning civil actions for deprivation of rights; a *respondeat superior* theory is insufficient to establish liability, rather, in order to impose municipal liability, the plaintiff must show that the action which is alleged to be unconstitutional is the implementation or execution of a governmental policy or custom; the plaintiff alleging liability for police misconduct must show an affirmative link between the occurrence of the various incidents of police misconduct and the adoption of any plan or policy by the municipality (42 USC 1983).

3. MUNICIPAL CORPORATIONS — TORTS — DEPRIVATION OF RIGHTS — UNITED STATES CODE.

The liability of a city under a United States Code section concerning civil actions for deprivation of rights must be based on more than mere negligence; the standard applicable to the city is deliberate indifference; under this standard, a plaintiff alleging municipal liability for police misconduct must establish that such act of misconduct was not merely an isolated incident which resulted from the city's negligent failure to supervise or train and must show that the training or supervision provided by the city was so grossly negligent or inadequate that it amounts to a policy of tacit approval or acquiescence in police misconduct (42 USC 1983).

4. EVIDENCE — SUBSEQUENT REMEDIAL MEASURES — NEGLIGENCE — RULES OF EVIDENCE.

Evidence of measures taken subsequent to an event is not admis-

sible to prove negligence or culpable conduct in connection with the event when such measures, if taken previous to the event, would have made the event less likely to occur (MRE 407).

5. EVIDENCE — APPEAL.
   A trial court's ruling on the admissibility of evidence will not be overturned unless it is clearly erroneous.

6. JURY — STANDARD JURY INSTRUCTIONS — EVIDENCE.
   A trial court is required to give Standard Jury Instructions which are applicable; an instruction is applicable if it is supported by evidence of record; a requested instruction should not be given if no evidence to support the instruction is produced at trial.

7. APPEAL — HARMLESS ERROR.
   Reversal is not warranted where the result at trial would not have been different had the trial been conducted free of the errors alleged on appeal.

*Becker & Van Cleef, P.C.* (by *Frank G. Becker*), for plaintiffs.

*Donald Pailen,* Corporation Counsel, and *William L. Woodard,* Assistant Corporation Counsel, for the City of Detroit.

Before: WAHLS, P.J., and BRONSON and T. C. MEGARGLE,* JJ.

PER CURIAM. This appeal arises out of a shooting incident which occurred January 20, 1979, between Albert Holman, an off-duty, disabled Detroit police officer, and the plaintiffs. Plaintiffs brought an action alleging a violation of 42 USC 1983 against the City of Detroit and a civil action for damages against the City of Detroit and Albert Holman on a *respondeat superior* theory. At the close of plaintiffs' proofs, the circuit court judge granted defendant city's motion for a directed verdict on the § 1983 action. The jury returned a

_____

* Former circuit judge, sitting on the Court of Appeals by assignment.

verdict of no cause of action against the city on the assault and battery claim but found defendant Holman liable for damages. Plaintiffs now appeal as of right from the court's order granting the directed verdict and from the order granting judgment on the verdict of no cause of action against the City of Detroit.

On January 20, 1979, plaintiffs were driving in the car of Dwaine Hopkins in the City of Detroit. As plaintiffs' car approached an intersection, they observed a car being driven by defendant Holman in the left-hand-turn lane apparently waiting to execute a turn. Holman, however, changed his course and remained traveling in the same direction as plaintiffs. Holman attempted to pass plaintiffs' car in the right-hand lane but was unable to complete the maneuver before the lanes merged. Holman began forcing the Hopkins vehicle into the northbound lane and oncoming traffic. Holman then flashed his bright lights, signaling the Hopkins car to stop.

The Hopkins vehicle stopped, and Holman exited from his vehicle and approached the Hopkins vehicle. A conversation took place, the exact nature of which was disputed in the testimony; but it does appear that Holman identified himself as a police officer. He was in his own vehicle and was not in uniform. Holman requested the driver, Dwaine Hopkins, to step out of the car. Holman testified that he saw the driver reach towards the back seat and he believed Hopkins was reaching for a gun. Officer Holman drew his gun in response, which caused Hopkins to panic and drive his vehicle away.

As the Hopkins car sped away, Holman aimed his gun and fired "at the right rear tire of the car trying to stop him". The bullet, however, missed its mark and struck Peggy Wincher in the left leg

and grazed Troy Odum's right leg. Shortly thereafter the Hopkins vehicle came to a stop and the police were summoned.

Peggy Wincher was taken to the hospital where a bullet was removed. As a result of her injury, she testified that she sustained severe pain and discomfort as well as substantial medical expenses. In addition, she continues to experience periodic pain and swelling in her left leg and ankle and also has scarring from the bullet wound.

Herbert Odum testified that he has some "sleeping difficulties" following the incident, while Garland Hopkins said that he had experienced "maybe a little mental difficulty" as a result of this incident. Terry Thompson testified that the shooting caused him to be frightened of the police and stated that he had dreamed of the incident a couple of times. Betty Odum testified that both Terry Thompson and Troy Odum had been emotionally affected by the incident.

At the conclusion of plaintiffs' proofs, the trial court granted defendant City of Detroit's motion for a directed verdict, finding "there was no showing that defendant City of Detroit had a policy and custom to have its police officers shoot a person whom he *[sic]* thought had committed a traffic violation* * *". Consequently, the court granted the motion as to plaintiffs' civil-rights claim only.

Plaintiffs appeal, alleging three separate issues which will be discussed as follows.

## I

Plaintiffs allege that the trial court erred in granting a directed verdict in favor of the City of Detroit on plaintiffs' civil-rights claim brought pursuant to 42 USC 1983. Plaintiffs claim that governmental involvement may be established by

demonstrating that the action of the police officer was the result of an official policy or conduct on the part of defendant city. Plaintiffs allege that the City of Detroit, through its policies and customs, allowed the shooting of citizens in violation of the constitution, and that the unrebutted testimony of Officer Holman established that his actions were in accord with police training in the Detroit Police Department.

When considering a motion for a directed verdict, the trial court should view the evidence and all legitimate inferences which can be drawn therefrom in a light most favorable to the nonmoving party. *Zmija v Baron,* 119 Mich App 524; 326 NW2d 908 (1982), citing *Miller v Great Lakes Steel Corp,* 112 Mich App 122; 315 NW2d 558 (1982).

A municipality may be liable as a person under § 1983. *Monell v Dep't of Social Services of the City of New York,* 436 US 658; 98 S Ct 2018; 56 L Ed 2d 611 (1978). However, a *respondeat superior* theory is insufficient to establish liability. Rather, in order to impose municipal liability, the plaintiff must show that the action which is alleged to be unconstitutional is the implementation or execution of a governmental policy or custom. *Monell, supra; Hays v Jefferson County, Kentucky,* 668 F2d 869 (CA 6, 1982), *cert den* 459 US 833 (1982); *Cook v Detroit,* 125 Mich App 724; 337 NW2d 277 (1983). The plaintiffs must show an "affirmative link between the occurrence of the various incidents of police misconduct and the adoption of any plan or policy by" the municipality. *Rizzo v Goode,* 423 US 362, 371; 96 S Ct 598; 46 L Ed 2d 561 (1976).

The liability of the defendant city must be based on more than mere negligence. See *Zmija, supra,* p 535. This Court has recognized deliberate indifference as the standard. *Id.; Cook v Detroit, supra,* p

732. Under this standard, plaintiffs must establish that Officer Holman's act was not merely an isolated incident which resulted from the city's negligent failure to supervise or train. Plaintiffs must show that the training or supervision provided by the city was so grossly negligent or inadequate that it amounted to a policy of tacit approval or acquiescence in police misconduct. *Cook, supra,* p 732.

The record in this case, however, reveals that plaintiffs failed to present the necessary evidence. Plaintiffs' proof is based solely on the testimony of Officer Holman. Holman testified that he believed he was acting as a police officer when he fired his gun and not as a private citizen. He also testified that departmental policy permitted him to carry his weapon after he had become disabled from active police work. He testified that he believed he was acting in accordance with police procedure when he fired at the fleeing vehicle and that he had not received any specific training regarding the use of deadly force on a fleeing vehicle. However, Holman later admitted that at the time he fired his weapon he was aware that he was acting contrary to the rules of the department. Those departmental rules combined with Officer Holman's own testimony clearly show that Holman was actually acting contrary to accepted department policy and that Holman was in fact aware of that policy at the time of his action. His acknowledgment that he acted contrary to police policy negates the existence of any "affirmative link" between departmental policy and the misconduct. *Moore v Detroit,* 128 Mich App 491; 340 NW2d 640 (1983). Even when Holman's testimony is considered in a light most favorable to plaintiffs, it does not establish a prima facie case showing a viola-

tion of the constitution. The directed verdict in favor of defendant City of Detroit was proper.

## II

Plaintiffs next argue that the court committed error in excluding evidence of a directive by the chief of police regarding a disabled police officer's ability to carry weapons. This policy directive was issued subsequent to the incident involved here.

The directive required certain disabled police officers to turn in their weapons following a medical examination and prohibited those officers from engaging in normal police activity. The trial court ruled that, although plaintiffs were entitled to present evidence regarding the policy in effect at the time of the shooting, they could not introduce the directive because it was a subsequent remedial measure, which is inadmissible under MRE 407. Plaintiffs contend that the directive was admissible, not to establish that a change had occurred in the department policy, but only to show what the 1979 policy had been.

A trial court's ruling on the admissibility of evidence will not be overturned unless it is clearly erroneous. *Przeradski v Rexnord, Inc,* 119 Mich App 500; 326 NW2d 541 (1982).

The primary issue at trial was whether the defendant City of Detroit was negligent or grossly negligent in permitting Officer Holman to retain his weapon after he had become disabled from active police work. Plaintiffs attempted to show gross negligence by demonstrating that the police department lacked any policy regarding disabled police officers at the time of the 1979 shooting. We are unable to perceive any purpose for introduction of the directive other than to show the defendant's negligence. Consequently, the public policy

underlying MRE 407 required exclusion. *Downie v Kent Products, Inc,* 420 Mich 197, 208; 362 NW2d 605 (1984).

### III

Plaintiffs contend that the trial court was in error in failing to include SJI2d 50.10 and 50.11 in its instructions to the jury. SJI2d 50.10 and 50.11 concern preexisting damages and aggravation of injuries.

In order for a court to give a requested jury instruction, sufficient evidence must be presented by the parties to warrant the instruction. In the instant case, the plaintiffs failed to present any evidence that the plaintiffs were unusually susceptible to injury or that there was an aggravation of a preexisting condition. Furthermore, even assuming *arguendo* that the trial court erred in declining to instruct the jury on SJI2d 50.10 and 50.11, the error was clearly harmless. Both of these instructions pertain to the calculation of damages. The jury, however, found that the city was not liable and, therefore, never reached the issue of damages as to the defendant City of Detroit.

In the present case the record reveals no evidence to support a theory of unusual susceptibility to injury or aggravation of preexisting injuries. Even plaintiffs' opening statement lacked any reference to any such theory. While a trial court is required to give the Standard Jury Instructions if they are applicable, there must be evidence brought out at the trial to support the instruction requested. *Carbonell v Bluhm,* 114 Mich App 216; 318 NW2d 659 (1982); *Javis v Ypsilanti School Dist,* 393 Mich 689; 227 NW2d 543 (1975). Applicability is the sole criterion for determining whether to give a requested instruction. *Lawrence v Sta-*

*Rite Reinforcing, Inc,* 137 Mich App 684; 358 NW2d 920 (1984). An instruction is applicable if it is supported by evidence of record. Conversely, if no evidence is produced at trial, a requested instruction should not be given. *Klanseck v Anderson Sales & Service, Inc,* 136 Mich App 75; 356 NW2d 275 (1984).

Where the absence of alleged errors would not have changed the result, reversal is not warranted. *Pelley v Peterbilt Motors Co,* 133 Mich App 664; 350 NW2d 787 (1984). Since the jury did not consider damages in this case, the requested instructions would not have changed the result.

Affirmed.