ADKINS v HOME LIFE INSURANCE COMPANY

Docket No. 68912. Submitted July 17, 1984, at Lansing.—Decided July 1, 1985.

James Adkins's life was insured by Home Life Insurance Company in the amount of $6,500. The policy included a double indemnity clause for accidental death. James Adkins died as a result of injuries suffered in an automobile accident, and Home Life paid $6,500 to Linda Kay Adkins, James's widow and beneficiary, but refused to pay the additional $6,500 as provided under the double indemnity clause on the ground that a provision of the policy excluded double indemnity coverage where death resulted from the commission or attempt to commit a crime. Tests taken after the accident showed that James Adkins's blood alcohol content was .22%. Since he was operating his vehicle with a .22% blood alcohol content, Home Life reasoned that Adkins was operating the vehicle in violation of the law and that he died during the commission of a crime. Linda Kay Adkins filed suit against Home Life Insurance Company in Jackson Circuit Court alleging breach of contract and seeking payment under the double indemnity clause of the policy. The court, Charles J. Falahee, J., granted a directed verdict in favor of Home Life. Plaintiff appeals by leave granted. *Held:*

1. The trial court's application of a presumption that a .10% blood alcohol content constitutes intoxication denied plaintiff an opportunity to present her case. The presumption that a .10% blood alcohol content constitutes intoxication is not applicable to civil actions, and the application of that presumption impermissibly shifted the burden of proof to plaintiff.

2. What constitutes a crime that would invoke the double

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Automobiles and Highway Traffic § 296 *et seq.*

Construction and application of statutes creating presumption or other inference of intoxication from specified percentages of alcohol present in system. 16 ALR3d 748.

[2-6] Am Jur 2d, Insurance § 269 *et seq.*

Division of opinion among judges on same court or among other courts or jurisdiction considering same question, as evidence that particular clause of insurance policy is ambiguous. 4 ALR4th 1253.

indemnity exclusion is ambiguous. That provision must therefore be strictly construed against the insurer. Such construction leads to the conclusion that a reasonable person would not think that driving while under the influence would constitute a crime sufficient to invoke the exclusion. The exclusion does not apply.

DANHOF, C.J., concurred in the result only based on the holding that the word "crimes" in the exclusion clause is ambiguous and, therefore, the exclusion does not apply. He would not address the presumptions question since the court's ruling on the "crimes" issue disposes of the case.

Reversed and remanded for trial.

C. W. SIMON, JR., J., dissented. He would hold that the word "crimes" as used in the exclusion clause is not ambiguous and that the circuit court correctly construed that clause. Further, he would hold that any error by the circuit court in relying on the statutory presumption that a person with a .10% blood alcohol content is intoxicated was harmless and inappropriate for the Court of Appeals to redress *sua sponte*. He would affirm the circuit court's grant of a directed verdict in favor of defendant.

### OPINION OF THE COURT

1. INTOXICATING LIQUORS — BLOOD ALCOHOL CONTENT — PRESUMPTIONS — CIVIL ACTIONS — DRIVING UNDER THE INFLUENCE OF INTOXICATING LIQUOR.

   The statutory presumption in the Michigan Vehicle Code that a .10% or greater blood alcohol content of a vehicle operator constitutes intoxication does not apply in civil cases or in the prosecution of a person solely for driving under the influence of liquor (MCL 257.625[2], 257.625a[3][c]; MSA 9.2325[2], 9.2325[1][3][c]).

2. INSURANCE — CONTRACTS — AMBIGUITIES — JUDICIAL CONSTRUCTION.

   An insurance contract which is ambiguous must be liberally construed in favor of the insured.

3. CONTRACTS — AMBIGUITIES.

   A contract is ambiguous when its words may reasonably be understood in different ways.

### DISSENT BY C. W. SIMON, JR., J.

4. INSURANCE — CONTRACTS — AMBIGUITIES — JUDICIAL CONSTRUCTION.

   *Ambiguous language in an insurance policy will be construed for*

*the insured and against the insurer; however, in the absence of ambiguities, the rights of the parties rest on the insurance contract as written, and courts should not indulge in forced construction so as to cast upon the insurance company liability which it has not assumed.*

5. INSURANCE — CONTRACTS — UNAMBIGUOUS LANGUAGE.
   *Unambiguous language in an insurance policy should be given its plain and ordinary meaning.*

6. INSURANCE — CONTRACTS — JUDICIAL CONSTRUCTION.
   *Insurance policies should be read with the meaning which ordinary laymen would give to their words.*

*Rappleye, Wilkins & Arcaro* (by *Riccardo D. Arcaro),* for plaintiff.

*Stanton, Bullen, Nelson, Moilanen & Klaasen, P.C.* (by *Charles A. Nelson* and *William J. Braaksma),* for defendant.

Before: DANHOF, C.J., and D. E. HOLBROOK, JR. and C. W. SIMON, JR.,* JJ.

D. E. HOLBROOK, JR., J. Plaintiff appeals by leave granted from the directed verdict entered in favor of defendant. Plaintiff is the widow of James Adkins, who died as a result of an automobile accident. Mr. Adkins's life was insured by defendant in the amount of $6,500. The policy also included a double indemnity clause for accidental death. Defendant paid plaintiff $6,500 but refused to pay the additional $6,500 as provided under the double indemnity clause. A blood alcohol level test taken from Mr. Adkins shortly after his death revealed his alcohol level to be 0.22 percent. On the morning of the date set for trial, the court accepted Mr. Adkins's blood alcohol level into evidence, applied the presumption that intoxication occurs at 0.10 percent, and, when the court learned that the only

* Circuit judge, sitting on the Court of Appeals by assignment.

evidence to rebut the presumption of intoxication would be the testimony of plaintiff, who was not present at the accident that resulted in her husband's death, granted defendant a directed verdict. The trial court reasoned that driving while intoxicated constituted a crime sufficient to invoke defendant's exclusionary clause, which provides that benefits are not paid for any losses sustained while committing a crime.

On appeal plaintiff contends that error occurred in the granting of the directed verdict. We agree.

The trial court applied the presumption that a blood alcohol level of 0.10 percent constitutes intoxication. We do not find this presumption to be applicable in civil actions. Due to the trial court's acceptance of this presumption, plaintiff was not given an opportunity to present her case. While the trial judge was willing to afford her an opportunity to rebut the presumption of intoxication, we find that application of this presumption was incorrect and impermissibly shifted the burden of proof to plaintiff. The burden of proving intoxication of the decedent belonged to defendant. The defendant would be permitted to place the blood alcohol level of decedent into evidence,[1] however, the burden would be on defendant to prove by expert testimony and other evidentiary means what the blood alcohol level meant. Defendant is not entitled to the benefit of the presumptions created by statute for criminal proceedings. MCL 257.625a; MSA 9.2325(1).

See MCL 257.625a(3)(c); MSA 9.2325(1)(3)(c), which provides for the presumption of intoxication.

*"(3) Except in a prosecution relating solely to a*

[1] *Hubenschmidt v Shears,* 403 Mich 486; 270 NW2d 2 (1978).

*violation of section 625(2), the* amount of alcohol in the driver's blood at the time alleged as shown by chemical analysis of the person's blood, urine, or breath shall give rise to the following presumptions:

\* \* \*

"(c) If there was at the time 0.10% or more by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was under the influence of intoxicating liquor."

The Legislature has said that these presumptions do not arise in a prosecution relating solely to a violation of § 625(2). This action appears to be solely within that section which provides that:

"(2) *A person, whether licensed or not, whose blood contains 0.10% or more by weight of alcohol, shall not operate a vehicle upon a highway or other place open to the general public, including an area designated for the parking of vehicles, within the state."* MCL 257.625(2); MSA 9.2325(2).

Accordingly, we find reversible error to have occurred in the admission of these presumptions.

The trial court and defendant also believe that since the decedent's blood alcohol level was greater than 0.10 percent, he was intoxicated and this constituted a crime sufficient to trigger the life insurance policy's exclusion that:

"Benefits are not provided under this coverage for any loss which results from, or is caused directly or indirectly, wholly or partly, by \* \* \* committing or attempting to commit a crime \* \* \*."

We cannot agree with this. What constitutes a crime that would invoke this exclusion is ambiguous.

"An insurance contract which is ambiguous must be

liberally construed in favor of the insured. *Foremost Life Ins Co v Waters,* 88 Mich App 599, 604; 278 NW2d 688 (1979)." *Usher v St Paul Fire & Marine Ins Co,* 126 Mich App 443, 447; 337 NW2d 351 (1983).

"A contract is said to be ambiguous when its words may reasonably be understood in different ways." *Raska v Farm Bureau Mutual Ins Co of Michigan,* 412 Mich 355, 362; 314 NW2d 440 (1982).

Certainly defendant had the option to place an exclusion in its insurance policy that would have excluded coverage for losses sustained while under the influence of drugs or intoxication. 13 ALR2d 987.

In our opinion a reasonable person would not think that driving while under the influence would constitute a crime sufficient to invoke this exclusion. Mindful of the rule that an insurance policy should be strictly construed against the insurer, we conclude that this exclusion would not apply in the instant action. *Celina Mutual Ins Co v Citizens Ins Co,* 136 Mich App 315, 320-321; 355 NW2d 916 (1984), and *Nickerson v Citizens Mutual Ins Co,* 393 Mich 324; 224 NW2d 896 (1975).

Reversed and remanded for trial.

Danhof, C.J. *(concurring).* I concur in the result only based on the holding that "crimes" is ambiguous, and, therefore, the exclusion does not apply. I do not believe it is necessary to address the "presumptions" question, since our holding with respect to the "crimes" issue effectively disposes of this case.

C. W. Simon, Jr., J. *(dissenting).* I respectfully dissent. Plaintiff's decedent was killed in an automobile accident. It is not disputed that plaintiff's decedent was the driver of the automobile at the time of the accident or that blood tests subse-

quently performed showed that plaintiff's decedent had a blood alcohol content of 0.22% at the time. The outcome of this case turns on the construction given to the following clause of the insurance policy:

"Benefits are not provided under this coverage for any loss which results from, or is caused directly or indirectly, wholly or partly, by * * * committing or attempting to commit a crime * * *."

If the language of an insurance policy is ambiguous, it will be construed for the insured and against the insurer. See *Van Zanten v National Casualty Co,* 333 Mich 28, 36-37; 52 NW2d 581 (1952). However, in the absence of ambiguities, the rights of the parties rest on the insurance contract as written, and courts should not indulge in forced construction so as to cast upon the insurance company liability which it has not assumed. *Kozak v DAIIE,* 79 Mich App 777, 782; 262 NW2d 904 (1977). Unambiguous policy language should be given its plain and ordinary meaning. *Wertman v Michigan Mutual Liability Co,* 267 Mich 508, 510; 255 NW 418 (1934). Insurance policies should be read with the meaning which ordinary laymen would give to their words. *Bowman v Preferred Risk Mutual Ins Co,* 348 Mich 531, 547; 83 NW2d 434 (1957).

The word "crime" is unambiguous. Its plain and ordinary meaning includes any serious violation of the law for which punishment may be imposed. See *American Heritage Dictionary of the English Language,* (1970), p 313. Driving while intoxicated is a serious offense, often leading to serious consequences. I cannot see how any ordinary layman could fail to appreciate that driving while intoxicated is a crime. I would hold that the circuit court correctly construed the exclusionary clause.

Cases from other jurisdictions construing analogous policy clauses to reach similar results include *Flannagan v Provident Life & Accident Ins Co,* 22 F2d 136 (CA 4, 1927); *Order of United Commercial Travelers of America v Tripp,* 63 F2d 37 (CA 10, 1933); *Barker v California-Western States Life Ins Co,* 252 Cal App 2d 768; 61 Cal Rptr 595 (1967); *Sasloe v Home Life Ins Co,* 416 So 2d 867 (Fla App, 1982); *Geddes & Moss Undertaking & Embalming Co v First National Life Ins Co,* 167 So 881 (La App, 1936), and *Mainer v American Hospital & Life Ins Co,* 371 SW2d 717 (Tex Civ App, 1963).

I also cannot agree with the majority's discussion of the rebuttable presumptions established in MCL 257.625a(3); MSA 9.2325(1)(3) concerning blood alcohol levels. The majority concludes that these presumptions do not apply in a civil action. Plaintiff, however, made no such argument in the trial court and makes no such argument on appeal. Plaintiff's argument instead was that the results of blood alcohol tests were inadmissible. The majority properly rejected that argument on authority of *Hubenschmidt v Shears,* 403 Mich 486; 270 NW2d 2 (1978).

The trial court relied on the statutory presumption that a person with a blood alcohol content of 0.1% or more is under the influence of intoxicating liquor to grant a directed verdict for defendant when plaintiff acknowledged that defendant would be able to show that plaintiff's decedent's blood alcohol content was 0.22% and plaintiff conceded that she was not going to produce any witnesses whose testimony would support a conclusion that her decedent was not intoxicated. It is clear that, had plaintiff made a timely objection to use of the statutory presumption in a civil action, defendant would have been able to avoid any error by substi-

tuting expert testimony for the presumption. For example, the trial court file contains a deposition of a toxicologist, who explained:

"With regard to the blood-alcohol concentration as high as .22, it is my opinion that any person achieving that high a blood-alcohol concentration will be severely affected by that alcohol to the extent where that person can no longer properly and safely operate a motor vehicle with the same care, prudence, and ability that that person would normally possess."

I would therefore find any error by the trial court in relying on the statutory presumption to be harmless and inappropriate for us to redress *sua sponte.*

The majority's analysis of this issue is seriously flawed. The majority points to MCL 257.625a(3); MSA 9.2325(1)(3), as amended by 1982 PA 310, which provides:

*"Except in a prosecution relating solely to a violation of section 625(2),* the amount of alcohol in the driver's blood at the time alleged as shown by chemical analysis of the person's blood, urine, or breath shall give rise to the following presumptions:

"(a) If there was at the time 0.07% or less by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was not under the influence of intoxicating liquor.

"(b) If there was at the time in excess of 0.07% but less than 0.10% by weight of alcohol in the defendant's blood, it shall be presumed that the defendant's ability to operate a vehicle was impaired within the provisions of section 625b due to the consumption of intoxicating liquor.

"(c) If there was at the time 0.10% or more by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was under the influence of intoxicating liquor." (Emphasis added.)

The majority concludes that the presumptions are inapplicable here because this action was a prosecution for violation of § 625(2), MCL 257.625(2); MSA 9.2325(2), which provides:

"A person, whether licensed or not, whose blood contains 0.10% or more by weight of alcohol, shall not operate a vehicle upon a highway or other place open to the general public, including an area designated for the parking of vehicles, within the state."

Of course, this was a civil action to collect benefits allegedly due under an insurance policy, not a criminal prosecution for violation of § 625(2). Moreover, even if this was such a prosecution, any error in consideration of the presumption was harmless. The evidence before the trial court showed, without any consideration of the presumption, that plaintiff's decedent had violated § 625(2), because it showed that he had operated a vehicle on a highway while his blood alcohol content was more than 0.1%.

It should be pointed out that the accident out of which plaintiff's claim arises took place on May 20, 1979. The language on which the majority relies was added by 1982 PA 310. Section 2 of that act shows that the changes the act made in MCL 257.625a; MSA 2325(1) do not apply to this action:

"All proceedings pending and all rights and liabilities existing, acquired, or incurred at the time this amendatory act takes effect are saved and may be consummated according to the law in force when they are commenced. This amendatory act shall not be construed to affect any prosecution pending or initiated before the effective date of this amendatory act, or initiated after the effective date of this amendatory act for an offense committed before that effective date."

In *Groth v DeGrandchamp,* 71 Mich App 439;

248 NW2d 576 (1976), the Court examined the presumptions created by the then-current language of MCL 257.625a; MSA 9.2325(1) and concluded that the presumptions were inapplicable to civil actions. See also *Bernier v Board of County Road Comm'rs for the County of Ionia*, 581 F Supp 71, 73-75 (WD Mich, 1983). *Groth* was based on *People v Keen*, 396 Mich 573; 242 NW2d 405 (1976), in which the Court held that the presumptions were inadmissible in a prosecution for manslaughter. *Groth* and *Keen* may not apply to cases arising after the 1982 amendment, because those decisions were based on qualifying language removed from the section by the 1982 amendment. *Groth* may be distinguishable here, because here defendant sought to use the presumption to show not that plaintiff's decedent was intoxicated but that he had committed the crime of driving a vehicle under the influence of intoxicating liquor. Compare *Groth,* at 71 Mich App p 443 fn 1.

The confusion in Judge Holbrook's analysis of this issue illustrates why an appellate court should be reluctant to address novel issues not raised in the trial court and not briefed or argued on appeal.

I would affirm.