## DOAN v HIGHLAND BEACH INN

Docket No. 87307. Submitted November 14, 1986, at Lansing. Decided December 11, 1986. Leave to appeal denied, 428 Mich 880.

Victor A. Doan was killed when his automobile left the road and struck a tree. Diana G. Doan, individually and as next friend of Jason E. Webster, filed a dramshop action against Highland Beach Inn in Lenawee Circuit Court alleging that defendant, a retail liquor licensee, served liquor to the decedent, who was visibly intoxicated, shortly before the accident which resulted in his death. Plaintiff submitted a doctor's affidavit stating that the doctor had reviewed records related to the decedent, that decedent's blood alcohol content was 0.21 percent and that, based on that information, he believed that the decedent was probably visibly intoxicated when he left the Highland Beach Inn. The court, Kenneth G. Glaser, J., granted defendant's motion to prohibit evidence of blood alcohol content. Plaintiff appealed by leave granted.

The Court of Appeals *held:*

1. Evidence of a decedent's blood alcohol level is inadmissible in a civil case brought pursuant to the implied consent statute in effect at the time of the decedent's death. A subsequent revision of that statute prior to the filing of this action does not apply to this action.

2. Plaintiff's argument that the old statute applies only in criminal cases is rejected. The statute clearly prohibits use of test results for anything other than for statistical purposes.

3. Plaintiff's argument that defendant lacks standing to object to the introduction of the blood test evidence is without merit.

4. Plaintiff's argument that her expert witness could testify that decedent was drunk pursuant to MRE 703 is rejected. The trial court did not abuse its discretion in refusing to allow the expert witness to testify.

Affirmed.

REFERENCES

Am Jur 2d, Evidence § 257.

See the annotations in the Index to Annotations under Evidence; Statutes.

EVIDENCE — BLOOD ALCOHOL CONTENT — IMPLIED CONSENT — CIVIL
    ACTIONS.
    Evidence of a decedent's blood alcohol level, obtained pursuant to
    the implied consent statute in effect until March 29, 1983, is
    inadmissible in a civil case arising out of an accident which
    occurred before March 30, 1983 (MCL 257.625c[4]; MSA
    9.2325[3][4], 1982 PA 310, § 2).

*Bishop & Shelton, P.C.* (by *Lore A. Rogers*), for
plaintiff.

*Kallas & Henk* (by *Constantine N. Kallas*), for
defendants.

Before: R. B. BURNS, P.J., and GRIBBS and A. T.
DAVIS,* JJ.

PER CURIAM. On August 1, 1983, plaintiffs, the
widow and stepchild of Victor Allen Doan (dece-
dent), filed a dramshop action against defendant in
Lenawee Circuit Court. On June 7, 1985, the trial
court entered an order granting defendant High-
land Beach Inn's motion to prohibit evidence of
blood alcohol content. On April 24, 1986, a panel
of this Court granted plaintiff Diane G. Doan's
delayed application for leave to appeal.

Plaintiff alleged that, on or about June 9, 1982,
decedent's automobile left the road and struck a
tree, resulting in his death. According to plaintiffs'
complaint, defendant, a retail liquor licensee,
served liquor to decedent, who was visibly intoxi-
cated. Plaintiff submitted a medical doctor's affida-
vit in which Robert C. Hendrix, M.D., indicated
that he had reviewed records related to decedent,
that decedent's blood alcohol content was 0.21
percent, and that, based on that information, he
believed that decedent was probably visibly intoxi-
cated when he left the Highland Beach Inn.

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff argues that the trial court erred when it concluded that evidence of the decedent's blood alcohol content was inadmissible at trial. We disagree.

On June 9 1982, when the accident that killed decedent occurred, the implied consent statute, MCL 257.625c; MSA 9.2325(3), read, in pertinent part:

> (4) If after a highway accident the driver of a vehicle involved in the accident is deceased, a sample of the decedent's blood shall be withdrawn in a manner directed by the medical examiner for the purpose of determining blood alcohol content. *The results of an examination of the blood of a deceased driver shall be used for statistical purposes only.* [Emphasis added.]

1982 PA 310, § 1, effective March 30, 1983, eliminated that subsection. Thus, the provision was still in force when the accident occurred, but it was repealed before this lawsuit was filed.

Appellant contends that the version of MCL 257.625c(4); MSA 9.2325(3)(4) in effect from 1981 through 1983 (the old implied consent statute) did not apply to this case because that provision had been repealed.

When the Legislature amended the Michigan Vehicle Code in 1982, it included a savings clause. Section 2 of 1982 PA 310 provides as follows:

> All proceedings pending and all rights and liabilities existing, acquired, or incurred at the time this amendatory act takes effect are saved and may be consummated according to the law in force when they are commenced. This amendatory act shall not be construed to affect any prosecution pending or initiated before the effective date of this amendatory act, *or initiated after the effective*

*date of this amendatory act for an offense commit-
ted before that effective date.* [Emphasis added.]

Thus, the trial court was correct in concluding that the old implied consent statute applies to cases arising out of accidents which occurred before the 1983 effective date of 1982 PA 310. See *Adkins v Home Life Ins Co,* 143 Mich App 824, 833; 372 NW2d 671 (1985) (C. W. SIMON, JR., J., dissenting). Evidence of a decedent's blood alcohol level, obtained pursuant to the old implied consent statute, is inadmissible in a civil case. See also *McNitt v Citco Drilling Co,* 397 Mich 384, 388; 245 NW2d 18 (1976).

Appellant's argument that the old statute applies only in criminal cases should be rejected. The language of the old implied consent statute clearly prohibits use of the test for anything other than for statistical purposes. Her argument that defendant lacks standing to object to the introduction of the blood test evidence is likewise without merit; defendant is seeking to prohibit introduction of the evidence pursuant to statute, and not by asserting a right to privacy. The trial court's ruling that the statute clearly prohibited admission of the test results was correct.

Lastly, plaintiff argues that the plaintiff's expert could testify that decedent was drunk pursuant to MRE 703, despite the fact that the results of the blood test were inadmissible. We disagree. MRE 703 provides that "[t]he Court may require that underlying facts or data essential to an opinion or inference be in evidence." The trial court did not abuse its discretion when it refused to allow plaintiff's expert to testify that defendant was drunk, based on his review of the blood test, since the blood test itself was inadmissible.

Affirmed.